# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LANDMEN PARTNERS INC., Individually and
On Behalf of All Others Similarly Situated,

                              Plaintiff,

        vs.

THE BLACKSTONE GROUP L.P., STEPHEN A.
SCHWARZMAN and MICHAEL A. PUGLISI,

                              Defendants.

CLASS ACTION

Civil Action No. 08 CV 3601 (CM)

TIMOTHY MCADAM, Individually and on Behalf
of All Others Similarly Situated,

                              Plaintiff,

        vs.

THE BLACKSTONE GROUP L.P., STEPHEN A.
SCHWARZMAN and MICHAEL A. PUGLISI,

                              Defendants.

CLASS ACTION

Civil Action No. 08 CV 3838 (CM)

[Caption Continues Below]

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE JAKEMAN GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

DAVID W. JAKEMAN, Individually and On
Behalf of All Others Similarly Situated,

                 Plaintiff,

   vs.

THE BLACKSTONE GROUP L.P., STEPHEN A.
SCHWARZMAN and MICHAEL A. PUGLISI,

               Defendants.

<u>CLASS ACTION</u>

Civil Action No. 08 CV 4064 (CM)

---

DAVID B. GALCHUTT, Individually and on
Behalf of All Others Similarly Situated,

                 Plaintiff,

   vs.

THE BLACKSTONE GROUP L.P., STEPHEN A.
SCHWARZMAN and MICHAEL A. PUGLISI,

               Defendants.

<u>CLASS ACTION</u>

Civil Action No. 08 CV 4110 (CM)

## **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION .............................................................................................................. 1

PROCEDURAL BACKGROUND ...................................................................................... 1

SUMMARY OF THE ACTION ......................................................................................... 2

ARGUMENT ...................................................................................................................... 4

   A.   The Actions Should Be Consolidated ................................................................. 4

   B.   Movants Should Be Appointed As Lead Plaintiff ............................................. 4

      1.   Movants Have Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiff ........................................................................ 5

      2.   Movants Have a Significant Financial Interest in the Relief Sought by the Class ......... 6

      3.   Movants Otherwise Satisfy the Requirements of Fed R. Civ. P. 23 .............................. 6

   C.   The Court Should Approve Movants' Choice of Lead Counsel ......................... 8

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Bishop v. New York City Dept. of Housing Preservation and Development*, 141 F.R.D. 229 (2d Cir. 1992) ................................................................................................................... 8

*Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319 (S.D.N.Y. 2004) ................................. 7

*Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538 (S.D.N.Y. 2005) ................... 7

*In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993) .............................................................................................. 7

*In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95 (S.D.N.Y. 2005) .................................................. 7

*In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432 (S.D.N.Y. 2008) .............................................. 7, 8

*Johnson v. Celotex Corp.,* 899 F.2d 1281 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990) .............. 3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................................................. 8

## Statutes

15 U.S.C. § 77z-1 ............................................................................................................... 4, 5, 6, 9

Fed. R. Civ. P. 42(a) ................................................................................................................. 3

Rule 23 of the Federal Rules of Civil Procedure ................................................................... 6, 8

**INTRODUCTION**

Presently pending in this district are at least four securities fraud class actions (the "Actions") brought against the Blackstone Group L.P. and certain of its officers and directors (collectively "Blackstone" or the "Company") pursuant to Sections 11, 12(a)(2) and/or 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77(o). The claims are asserted on behalf of purchasers of Blackstone common units (referred to hereafter as "common stock") pursuant and/or traceable to the Company's initial public offering on or about June 25, 2007 (the "IPO" or "Offering") (the "Class").

Movants Roderick Hernandez and Linda Hernandez, David Jakeman, Tsang Tak Keung, and Alice Tu and Yixtn Tu (collectively the "Jakeman Group" or "Movants"), collectively purchased over $1 million of Blackstone common stock pursuant to the IPO and suffered estimated losses of $369,596 as a result of defendants' alleged misstatements and omissions. *See* Declaration of Jason D'Agnenica in Support of Motion of the Jakeman Group ("D'Agnenica Decl."), Exhibit C. Accordingly, Movants respectfully submit this memorandum of law in support of their motion for entry of an order: (1) consolidating the above-captioned related Actions; (2) appointing the Jakeman Group as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving Lead Plaintiff's selection of Stull, Stull & Brody as Lead Counsel pursuant to the PSLRA.

**PROCEDURAL BACKGROUND**

On April 15, 2008, plaintiff in the action *Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, No. 08-CV-3601, filed a complaint on behalf of a proposed Class consisting of all purchasers of Blackstone common stock pursuant and/or traceable to the Offering documents for the Company's IPO. On April 15, 2008, notice was published over *Business Wire* advising

1

members of the proposed Class of their right to move the Court to serve as lead plaintiff within

the requisite period from the date of publication of the notice, i.e., by June 16, 2008. *See*

D'Agnenica Decl., Exhibit A. Three additional, similar actions, captioned above, were

subsequently filed in this District.

## SUMMARY OF THE ACTION

The Actions allege that Blackstone's Registration Statement and Prospectus (collectively

the "Registration Statement") related to its June 25, 2007 IPO contained untrue statements of

material facts and omitted to state facts necessary to make those statements not misleading.[1]

Cplt. ¶¶ 20, 22. The Company issued more than 133 million shares pursuant and/or traceable to

the IPO at the price of $31 per share and thereby raised more than $4 billion. Cplt. ¶ 21.

Prior to the IPO, Blackstone effected a reorganization of its businesses into a holding

partnership structure. Blackstone is now a holding partnership and is the sole general partner of

each of the partnership entities that hold Blackstone's various businesses. Cplt. ¶ 17.

Blackstone generates earnings through management and performance fees of its general

partnership. Cplt. ¶ 18. The Company earns management fees from its limited partners for

managing money in its various funds. Cplt. ¶ 18. The Company also earns performance fees of

twenty (20) percent of the profits generated on a return on capital it invests for its limited

partners. Cplt. ¶ 18.

The Actions allege that the Registration Statement failed to disclose that certain of the

Company's portfolio companies were not performing well and were of declining value and, as a

result, Blackstone's equity investment was impaired and the Company would not generate

---

[1]    References to the allegations are to the complaint in the action *Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, 08-CV-3601 (Filed Apr. 15, 2008), referenced as "Cplt.

anticipated performance fees on those investments or would have fees "clawed-back" by limited partners in its fund.  Cplt. ¶¶ 22, 23.

In the months after the IPO, details of the problems with some of Blackstone's portfolio companies slowly began to become known to the market and the price of Blackstone stock substantially declined.  Cplt. ¶ 31.

On March 10, 2008, Blackstone issued a press release announcing its financial results for the full year of 2007 and the fourth quarter of 2007, the periods ending December 31, 2007. Among other things, the Company reported that it had written down its investment in FGIC Corporation ("FGIC") by $122.9 million and that for the fourth quarter its "Total Reportable Segment Revenues declined to $366.9 million from Total Pro Forma Adjusted Reportable Segment Revenues of $1.21 billion in the quarter ended December 31, 2006, primarily due to decreased revenues in the Corporate Private Equity and Real Estate segments.  The revenue declines in the Corporate Private Equity and Real Estate Segments in the fourth quarter of 2007 were mostly due to lower net appreciation of the investment portfolio as compared to the prior year, as well as a significant decrease in the value of Blackstone's portfolio as compared to the prior year, as well as a significant decrease in the value of Blackstone's portfolio investment in Financial Guaranty Insurance Company, a monocline financial guarantor." Cplt. ¶ 32.

At the time of filing of the action *Landman Partners, Inc.*, No. 08-0cv-3601, Blackstone common stock traded in a range of $17 to $17.50 per share, approximately 45% below the IPO price of $31.00 per share.  Cplt. ¶ 33.

---

¶ __".

## ARGUMENT

**A.    The Actions Should Be Consolidated**

The above-captioned Actions involve class claims on behalf of purchasers of Blackstone common stock pursuant and/or traceable to the IPO and assert essentially similar and overlapping class claims for relief.  Consolidation is appropriate where, as here, there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990).  That test is met here and the Actions should be consolidated.

**B.    Movants Should Be Appointed As Lead Plaintiff**

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in "each action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Under the PSLRA, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A).  The PSLRA also provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of the class members.  15 U.S.C. § 77z-1(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .

> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  *See Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

Here, Movants each satisfy all of the prerequisites for appointment as lead plaintiff with respect to the Class they seek to represent and there is no infirmity in their abilities to fulfill their obligations properly.

**1.  Movants Have Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiff**

On April 15, 2008, notice of the filing of the initial complaint, *Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, 08-CV-3601 (Filed Apr. 15, 2008), was published over *Business Wire* informing Class members of their right to file a motion for appointment as lead plaintiff within 60 days from the date of the notice.  *See* D'Agnenica Decl., Exhibit A.  The PSLRA provides that any member of the proposed Class may move to serve as lead plaintiff not later than 60 days after the date on which the notice is published.  15 U.S.C. §§ 77z-1(a)(3)(A) and (B).  Therefore, the time period in which Class members may move to be appointed as lead plaintiff herein under 15 U.S.C. §§ 77z-1(a)(3)(A) and (B) expires on June 16, 2008.   Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movants' application to be appointed as Lead Plaintiff, filed on June 16, 2008, is thus timely.

The members of the Jakeman Group have duly signed certifications stating that they have reviewed the complaint and are willing to serve as representative parties on behalf of the

proposed Class.  *See* D'Agnenica Decl., Exhibit B.  In addition, Movants have selected and retained experienced and competent counsel to represent them and the other members of the proposed Class.  *See* D'Agnenica Decl., Exhibit D.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 77z-1(a)(3)(A) and (B) and are entitled to have their application for appointment as Lead Plaintiff and approval of selection of counsel, as set forth herein, considered and approved by the Court

### 2.  Movants Have a Significant Financial Interest in the Relief Sought by the Class

Pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B), the court shall appoint the lead plaintiff who represents the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, Movants purchased 36,124 shares of the Company's common stock pursuant and/or traceable to the Company's IPO and suffered estimated losses of $369,596 as a result of defendants' federal securities laws violations.  *See* D'Agnenica Decl., Ex. C.  As a result, Movants herein have a significant financial interest in this case.

Movants have not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock.  Therefore, the proposed Lead Plaintiff satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B).

### 3.  Movants Otherwise Satisfy the Requirements of Federal Rule of Civil Procedure Rule 23

According to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a

party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Only the typicality and adequacy elements, however, are relevant to the selection of a lead

plaintiff.  *See*, *e.g.*, *Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538, at *11

(S.D.N.Y. 2005); *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Constance

Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004).

Typicality exists if claims "arise[] from the same course of events, and each class

member makes similar legal arguments to prove the defendant's liability."  *See In re Drexel

Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506

U.S. 1088 (1993); *see also In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436 (S.D.N.Y. 2008).

Typicality, however, does not require the claims of the class representative to be identical to the

claims of the class.  Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are
> factual dissimilarities or variations between the claims of the
> named plaintiffs and those of other class members, including
> distinctions in the qualifications of the class members.

*Bishop v. New York City Dept. of Housing Preservation and Development*, 141 F.R.D. 229, 238

(2d Cir. 1992).

Here, Movants satisfy the typicality requirement because they: (1) purchased or

otherwise acquired Blackstone common stock pursuant and/or traceable to the Company's IPO;

(2) at prices that were artificially inflated as a result of Defendants' violations of the federal

securities laws; and (3) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movants arise from the same events or course of conduct that give rise to claims of other class members, and the claims are based on the same legal theory.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." To fairly and adequately protect the interests of the class: "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *In re Fuwei Films*, 247 F.R.D. at 436 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412-13 (S.D.N.Y. 2004)).

Here, Movants are clearly adequate representatives of the Class. As shown by the injury suffered by Movants, who purchased Blackstone common stock pursuant and/or traceable to the IPO Registration Statement, Movants' interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the proposed Class. In addition, Movants have retained competent and experienced counsel to prosecute the class claims. *See* D'Agnenica Decl., Exhibit D.

Thus, Movants satisfy both the typicality and adequacy requirements of Rule 23.

### C.    <u>The Court Should Approve Movants' Choice of Lead Counsel</u>

Pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected Stull, Stull & Brody to serve as Lead Counsel. Stull, Stull & Brody has extensive experience in successfully prosecuting shareholder and securities class actions and has frequently appeared in major actions in this and other courts. *See* D'Agnenica

Decl., Exhibit D.

## <u>CONCLUSION</u>

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate all related actions; (ii) appoint the Jakeman Group as Lead Plaintiff; and (iii) approve Movants' selection of Lead Counsel as set forth herein.

Dated: June 16, 2008                          Respectfully submitted,

**STULL, STULL & BRODY**

By:  /s/ Jason D'Agnenica
    Jules Brody (JB-9151)
    Aaron Brody (AB-5850)
    Jason D'Agnenica (JD-9340)
    6 East 45th Street
    New York, New York 10017
    Tel: (212) 687-7230

    **Proposed Lead Counsel**