# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANDMEN PARTNERS INC., Individually and On Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | Civil Action No. 08 CV 3601 (CM) |
| vs. | |
| THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI, | |
| Defendants. | |
| TIMOTHY MCADAM, Individually and on Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | Civil Action No. 08 CV 3838 (CM) |
| vs. | |
| THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI, | |
| Defendants. | |

[Caption Continues Below]

## DECLARATION OF JASON D'AGNENICA IN SUPPORT OF MOTION OF THE JAKEMAN GROUP FOR CONSOLIDATION, APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>

| | |
|---|---|
| DAVID W. JAKEMAN, Individually and On Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | Civil Action No. 08 CV 4064 (CM) |
| vs. | |
| THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI, | |
| Defendants. | |
| DAVID B. GALCHUTT, Individually and on Behalf of All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | Civil Action No. 08 CV 4110 (CM) |
| vs. | |
| THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI, | |
| Defendants. | |

I, Jason D'Agnenica, hereby declare:

1.       I am an attorney with the law firm of Stull, Stull & Brody.  I submit this declaration in support of the motion of the Jakeman Group for consolidation, appointment as lead plaintiff and approval of selection of lead counsel.

2.       Attached hereto as Exhibit A is a true and correct copy of the notice of pendency published over *Business Wire*, a national business-oriented newswire service, on April 15, 2008.

3.       Attached hereto as Exhibit B are true and correct copies of the plaintiff certifications executed by the members of the Jakeman Group, which demonstrate their class standing and requisite financial interest in the outcome of the litigation.

4.       Attached hereto as Exhibit C is a chart summarizing the transactions of the Jakeman Group in Blackstone Group, L.P., common stock during the relevant period.

5.       Attached hereto as Exhibit D is a true and correct copy of Stull, Stull & Brody's firm biography.


Signed under penalties of perjury this 16th day of June 2008.

By: /s/ Jason D'Agnenica___
   **STULL, STULL & BRODY**
   6 East 45th Street
   New York, New York 10017
   Tel: (212) 687-7230

1

Exhibit A

FOCUS - 1 of 1 DOCUMENT

Copyright 2008 Business Wire, Inc.
Business Wire

**April** 15, 2008 Tuesday 8:55 PM GMT

**DISTRIBUTION:** Business Editors; Financial Editors

**LENGTH:** 633 words

**HEADLINE:** Coughlin **Stoia** Geller Rudman & Robbins LLP Files **Class Action** Suit against The **Blackstone** Group L.P.

**DATELINE:** NEW YORK

**BODY:**

Coughlin **Stoia** Geller Rudman & Robbins LLP ("Coughlin **Stoia**") (http://www.csgrr.com/cases/blackstonegroup/) today announced that a **class action** has been commenced in the United States District Court for the Southern District of New York on behalf of purchasers of the common stock of The **Blackstone** Group L.P. ("**Blackstone**" or the "Company") (NYSE:BX) pursuant and/or traceable to the Company's initial public offering on or about June 25, 2007 (the "IPO" or the "Offering") seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Samuel H. Rudman or David A. Rosenfeld of Coughlin **Stoia** at 800/449-4900 or 619/231-1058, or via e-mail at djr@csgrr.com If you are a member of this class, you can view a copy of the complaint as filed or join this **class action** online athttp://www.csgrr.com/cases/blackstonegroup/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges **Blackstone** and certain of its officers and directors with violations of the Securities Act. **Blackstone,** through its subsidiaries, provides alternative asset management and financial advisory services worldwide.

According to the complaint, on or about June 21, 2007, **Blackstone** filed with the SEC a Form S-1/A Registration Statement (the "Registration Statement"), for the IPO. On or about June 25, 2007, the Prospectus (the "Prospectus") with respect to the IPO, which forms part of the Registration Statement, became effective and, including the exercise of the over-allotment, more than 133 million shares of **Blackstone's** common stock were sold to the public at $31 per share, thereby raising more than $4 billion.

The complaint alleges that the Registration Statement failed to disclose that certain of the Company's portfolio companies were not performing well and were of declining value and, as a result, **Blackstone's** equity investment was impaired and the Company would not generate anticipated performance fees on those investments or would have fees "clawed-back" by limited partners in its funds.

On March 10, 2008, **Blackstone** issued a press release announcing its financial results for the full year of 2007 and the fourth quarter of 2007, the periods ending December 31, 2007. Among other disclosures, **Blackstone** announced that it was writing down its investment in Financial Guaranty Insurance Company by $122 million. As of April 15, 2008, **Blackstone** common stock traded in a range of $17-$17.50 per share, approximately 45% below the IPO price of $31.00 per share.

Plaintiff seeks to recover damages of all those who purchased the common stock of **Blackstone** pursuant and/or traceable to the Company's IPO on or about June 25, 2007. The plaintiff is represented by Coughlin **Stoia,** which has expertise in prosecuting investor **class actions** and extensive experience in actions involving financial fraud.

Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against The Blackstone Group L.P. Business Wire April 15, 2008 Tuesday 8:55 PM GMT

Coughlin **Stoia,** a 190-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Philadelphia and Atlanta, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. The Coughlin **Stoia** Web site (http://www.csgrr.com) has more information about the firm.


CONTACT: Coughlin **Stoia** Geller Rudman & Robbins LLP
Samuel H. Rudman, 800-449-4900
David A. Rosenfeld
djr@csgrr.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** April 16, 2008

Exhibit B

## PLAINTIFF CERTIFICATION

*Roderick A. Hernandez*
*Linda C. Hernandez* ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.    Plaintiff did not purchase any securities of **The Blackstone Group L.P.** at the direction of his/her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.   I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification.  I am willing to serve as a lead plaintiff either individually or as part of a group.  A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4.    The following includes all of Plaintiff's transactions in **The Blackstone Group L.P.** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Common | Purchase | 6-22-07 | $31.00 | 1,000 |
|  |  |  |  |  |
|  |  |  |  |  |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this ___12th___ day of ___MAY___, 2008.

_____
Signature

## PLAINTIFF CERTIFICATION

_David W. Jakeman_ ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his behalf.

2.    Plaintiff did not purchase the security that is the subject of the complaint at the direction of her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    During the proposed class period, Plaintiff transacted in the common stock of The Blackstone Group L.P. as set forth on **Attachment A** to this document.

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

Avotech Corp.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _26_ day of _Apr_, 2008.

Signed _David W. Jakeman_

Name _David W. Jakeman_

ATTACHMENT A

TRANSACTIONS IN THE BLACKSTONE GROUP L.P. COMMON STOCK

| Trade Date | Security | Number of Shares | Price Per Share/Unit | Buy or Sell |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Unitholder Name: DAVID W JAKEMAN    Page: 1 OF 1

Account Number: _____ REDACTED _____

Unitholder Federal ID/Entity: _____ REDACTED _____

Custodian Federal ID: _____

The Blackstone Group L.P.

| 2007 OWNERSHIP SCHEDULE | TRANSACTION | | BROKER OR CERTIFICATE NUMBER | UNITS |
|---|---|---|---|---|
| | DESCRIPTION | DATE | | |

| | DESCRIPTION | DATE | BROKER OR CERTIFICATE NUMBER | UNITS |
|---|---|---|---|---|
| | AC BUY | 07/05/2007 | 188 | 812.000 |
| | AC BUY | 07/06/2007 | 188 | 400.000 |
| | AC BUY | 07/06/2007 | 188 | 1,413.000 |
| | AC BUY | 07/11/2007 | 188 | 274.000 |
| | AC BUY | 08/07/2007 | 188 | 176.000 |
| | AC BUY | 09/17/2007 | 188 | 150.000 |
| | AC BUY | 10/04/2007 | 188 | 125.000 |
| | AC BUY | 11/05/2007 | 188 | 200.000 |
| | AC BUY | 11/08/2007 | 188 | 225.000 |
| | Ac Buy | 1/07/2008 | 197 | 200.00 |
| | Ac Buy | 1/07/2008 | 194 | 325.00 |

This Schedule contains a summary of your unit ownership history in The Blackstone Group L.P. from your original acquisition of Blackstone units to December 31, 2007.

This information came directly from the transfer agent's records if you are a registered holder. Ownership information for street name owners (units held in a brokerage or nominee account) was provided from your broker's or nominee's records.

**Please note that this schedule is not proof of ownership.**

If your records do not agree with the information reported on this Ownership Schedule, then the amounts reported on the following schedules may not be correct. In such an event, please make the necessary corrections directly onto this schedule, including any necessary explanations. Sign where indicated, enter daytime phone number, and mail before May 31, 2008 to.

The Blackstone Group L.P.
Tax Package Support
P.O. Box 799060
Dallas, TX 75379-9060

These changes will be reflected in your final 2007 Schedule K-1 tax package.

If you have any questions, please call our Tax Package support service at 1-866-709-8107, or visit the 2007 Tax Reporting site established for The Blackstone Group L.P. Unitholders by accessing www.Blackstone.com.

**FEDERAL INCOME TAX FORMS AND REQUIRED STATEMENTS**

The schedules included in this Individualized Income Tax Reporting Package contain references to the appropriate federal forms to be used in preparing your 2007 Federal individual income tax return. You should obtain the following federal income tax forms before beginning the preparation of your return. You may find, however, that some of these forms may not be required for your particular situation.

Form 1040 Schedule B - Interest and Ordinary Dividends
Form 1040 Schedule D - Capital Gains and Losses
Form 1040 Schedule E - Supplemental Income and Loss
Form 4797 Sales of Business Property
Form 4868 Application for Automatic Extension of Time To File U.S. Individual Income Tax Return
Form 4952 Investment Interest Expense Deduction
Form 6251 Alternative Minimum Tax - Individuals
Form 8082 Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR)
Form 8271 Investor Reporting of Tax Shelter Registration Number

The information reported on this schedule, as corrected, accurately and completely presents my ownership history through December 31, 2007. By signing this schedule, I authorize the Partnership to make the corrections as indicated above to my Schedule K-1.

Signed: _____

Daytime Phone Number: _____

3,775.000



0210221    0632446




# TD AMERITRADE
Apex

# 2007 CONSOLIDATED 1099

**Supplemental Tax Information Section**

This section contains valuable tax reporting information that is not provided to the Internal Revenue Service.

## PARTNERSHIP DISTRIBUTIONS

| DESCRIPTION | CUSIP | AMOUNT |
|---|---|---|
| THE BLACKSTONE GROUP LP COM | 09253U108 | 1,132.50 |
| TOTAL PARTNERSHIP DISTRIBUTIONS | | $   1,132.50 |

## PURCHASES (TRADE DATE 2007)

| DATE | DESCRIPTION | CUSIP | INFORMATION | QUANTITY | INTEREST | AMOUNT |
|---|---|---|---|---|---|---|
| 07/05/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 812 | $ 0.00 | $ 24,770.36 |
| 07/05/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 1,413 | 0.00 | 44,794.70 |
| 07/05/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 400 | 0.00 | 12,664.00 |
| 07/11/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 274 | 0.00 | 8,004.69 |
| 08/07/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 176 | 0.00 | 4,585.40 |
| 09/17/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 150 | 0.00 | 3,599.99 |
| 10/04/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 125 | 0.00 | 3,513.60 |
| 11/05/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 200 | 0.00 | 4,862.97 |
| 11/05/07 | THE BLACKSTONE GROUP LP COM | 09253U108 | BUY | 225 | 0.00 | 5,357.02 |
| | TOTAL PURCHASES | | | 3,776 | | $ 112,152.85 |

*Handwritten annotations in margin:*

30.45

31.47   B×   20,169
31.66
28.05   B×   20,170
25.79
23.70
27.82
24.08   B4Y   325
23.60   B4y   200

1/07/08   6,554.93
1/07/08   4,018.99

4,300

22 786.77

## PLAINTIFF CERTIFICATION

__TSANG TAK KEUNG__ ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.    Plaintiff did not purchase any securities of **The Blackstone Group L.P.** at the direction of his/her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.  I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification.  I am willing to serve as a lead plaintiff either individually or as part of a group.  A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4.    The following includes all of Plaintiff's transactions in **The Blackstone Group L.P.** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Blackstone (Common stock) | Purchase | 27-Jul-07 | 31.595 USD | 1040 |
| Blackstone (Common stock) | Purchase | 30-Aug-07 | 31.595 USD | 1196 |
| Blackstone (Common stock) | Purchase | 24-Sep-07 | 31.595 USD | 1040 |
| Blackstone (Common stock) | Purchase | 28-Oct-07 | 31.595 USD | 1144 |
| Blackstone (Common stock) | Purchase | 28-Nov-07 | 31.595 USD | 1092 |
| Blackstone (Common stock) | Purchase | 31-Dec-07 | 31.595 USD | 1092 |
| Blackstone (Common stock) | Purchase | 29-Jan-08 | 31.595 USD | 1040 |
| Blackstone (Common stock) | Purchase | 27-Feb-08 | 31.595 USD | 1040 |
| Blackstone (Common stock) | Purchase | 27-Mar-08 | 31.595 USD | 1040 |

**Please list other transactions on a separate sheet of paper, if necessary.** Shares purchased by Guaranteed Leveraged knock-out Discount shares Accumulation Investment Scheme.

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below: Hence the price is fixed at USD31.595.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this __9__ day of __May__, 2008.

___香德堃___
Signature

## PLAINTIFF CERTIFICATION

_Alice Tu_____ ("Plaintiff") hereby states that:

1.     Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.     Plaintiff did not purchase any securities of **The Blackstone Group L.P.** at the direction of his/her counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.   I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification.  I am willing to serve as a lead plaintiff either individually or as part of a group.  A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4.     The following includes all of Plaintiff's transactions in **The Blackstone Group L.P.** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Stock | Purchase | 10/17/2007 | 26.596 | 5500 |
| " | Sale | 2/25/2008 | 15.80 | 3500 |
| " | " | 4/7/2008 | 19.15 | 2000 |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.     Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this 6 13   day of _June_____, 2008.

_____
Signature

## PLAINTIFF CERTIFICATION

Yixin Tu _____ ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.    Plaintiff did not purchase any securities of **The Blackstone Group L.P.** at the direction of his/her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.  I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification.  I am willing to serve as a lead plaintiff either individually or as part of a group.  A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4.    The following includes all of Plaintiff's transactions in **The Blackstone Group L.P.** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Please list other transactions on a separate sheet of paper, if necessary.

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this 13 day of June , 2008.

_____
Signature

*charles* SCHWAB          Launch StreetSmart.com™          The Schwab Security Guarantee

What's this?
Customer Service | Open an Account          Log Out

At a Glance   Account   Trade        Quotes &        Planning        Investment
                                     Research                         Products
Overview   Balances   Positions   Performance   Gain/Loss   History   Transfers & Payments   Specialty Accounts   eDocuments

Your Financial Consultant

## Account History

Page Help        Export        Printer-Friendly Version

Select Account: Peter-YX          Show only this symbol: BX          Account Number:
                                                                     (Peter-YX)          Redacted
Date Range: All                   MM / DD / YYYY  to: MM / DD / YYYY   Total Market Value:

Transactions: All                                        Go          View Balance Details
                                                                     Order Status | Alerts

BX Transactions For All Dates Up to 24 months  (Beyond 24 months)

| Date | Action | Quantity | Symbol | Description | | Price | Amount | Fees & Comm |
|---|---|---|---|---|---|---|---|---|
| **Specified Transactions** | | | | | | | | |
| 04/11/2008 | | | BX | BLACKSTONE GROUP LP | | | -$150.00 | |
| | | | | type: NRA TAX ON DIV | | | | |
| 04/11/2008 | | | BX | BLACKSTONE GROUP LP | | | $1500.00 | |
| | | | | type: ORD DIV - CASH | | | | |
| 12/14/2007 | | | BX | BLACKSTONE GROUP LP | | | -$150.00 | |
| | | | | type: NRA TAX ON DIV | | | | |
| 12/14/2007 | | | BX | BLACKSTONE GROUP LP | | | $1500.00 | |
| | | | | type: ORD DIV - CASH | | | | |
| 11/26/2007 | Sell | 10000.0000 | BX | BLACKSTONE GROUP LP [Details] | | $20.77000 | $207688.87 | $13.13 |
| 11/05/2007 | Sell | 2000.0000 | BX | BLACKSTONE GROUP LP [Details] | | $24.11000 | $48209.31 | $10.89 |
| 11/02/2007 | Buy | 2000.0000 | BX | BLACKSTONE GROUP LP [Details] | | $24.03950 | -$48098.95 | $8.95 |
| 11/01/2007 | Sell | 4100.0000 | BX | BLACKSTONE GROUP LP [Details] | | $25.10000 | $102868.47 | $11.53 |
| 10/26/2007 | Buy | 5000.0000 | BX | BLACKSTONE GROUP LP [Details] | | $25.52000 | -$127609.95 | $8.95 |
| 10/22/2007 | Buy | 5000.0000 | BX | BLACKSTONE GROUP LP [Details] | | $25.69700 | -$128494.95 | $8.95 |
| 10/19/2007 | Buy | 5000.0000 | BX | BLACKSTONE GROUP LP [Details] | | $27.50000 | -$137509.95 | $8.95 |
| 09/25/2007 | Buy | 4100.0000 | BX | BLACKSTONE GROUP LP [Details] | | $24.23000 | -$99352.95 | $8.95 |

(0008-5834)

At a Glance | Account | Trade | Quotes & Research | Planning | Investment Products          Return to Top
Overview | Balances | Positions | Performance | Gain/Loss | History | Transfers & Payments | Specialty Accounts | eDocuments

Customer Service | Site Map | Help

Brokerage Products: Not FDIC Insured • No Bank Guarantee • May Lose Value

©2008 Charles Schwab & Co., Inc. All rights reserved. Member SIPC          Account:
Unauthorized access is prohibited. Usage will be monitored.          Today's Date: 06/13/08 07:20 PM EDT          Redacted

The majority of the site content and features are designed for residents in the U.S. Some content and features might not be
available or appropriate for the customers who reside outside the U.S.

Agreements, Fees & Commissions | Privacy |          SchwabSafe | USA Patriot Act | Asset Protection

Quick Quote  Enter symbol for free real time quote.          Quote  Symbol Lookup
                                                             For Extended Hours quote, add "e"

Exhibit C

# The Blackstone Group

**Movants' Register and Transaction Report**

**Page 1 of 2**

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gain (Loss) |
|---|---|---|---|---|---|---|---|---|---|
| Hernandez, Roderick and Linda | 6/22/2007 | 1,000 | $31.00 | $31,000.00 | | | | | **($13,190.00)** |
| Jakeman, David | 7/5/2007 | 812 | $30.45 | $24,725.40 | | | | | ($10,263.68) |
| | 7/6/2007 | 400 | $31.66 | $12,664.00 | | | | | ($5,540.00) |
| | 7/6/2007 | 1,413 | $31.67 | $44,749.71 | | | | | ($19,584.18) |
| | 7/11/2007 | 274 | $29.05 | $7,959.70 | | | | | ($3,079.76) |
| | 8/7/2007 | 176 | $25.79 | $4,539.04 | | | | | ($1,404.48) |
| | 9/17/2007 | 150 | $23.70 | $3,555.00 | | | | | ($883.50) |
| | 10/4/2007 | 125 | $27.82 | $3,477.50 | | | | | ($1,251.25) |
| | 11/5/2007 | 200 | $24.08 | $4,816.00 | | | | | ($1,254.00) |
| | 11/8/2007 | 225 | $23.60 | $5,310.00 | | | | | ($1,302.75) |
| | 1/7/2008 | 200 | $20.17 | $4,034.00 | | | | | ($472.00) |
| | 1/7/2008 | <u>325</u> | $20.17 | <u>$6,554.93</u> | | | | | <u>($766.68)</u> |
| | | 4,300 | | $122,385.28 | | | | | **($45,802.28)** |
| Keung, Tsang Tak | 7/27/2007 | 1,040 | $31.59 | $32,853.60 | | | | | ($14,331.20) |
| | 8/30/2007 | 1,196 | $31.59 | $37,781.64 | | | | | ($16,480.88) |
| | 9/24/2007 | 1,040 | $31.59 | $32,853.60 | | | | | ($14,331.20) |
| | 10/28/2007 | 1,144 | $31.59 | $36,138.96 | | | | | ($15,764.32) |
| | 11/28/2007 | 1,092 | $31.59 | $34,496.28 | | | | | ($15,047.76) |
| | 12/31/2007 | 1,092 | $31.59 | $34,496.28 | | | | | ($15,047.76) |
| | 1/29/2008 | 1,040 | $31.59 | $32,853.60 | | | | | ($14,331.20) |
| | 2/27/2008 | 1,040 | $31.59 | $32,853.60 | | | | | ($14,331.20) |
| | 3/27/2008 | <u>1,040</u> | $31.59 | <u>$32,853.60</u> | | | | | <u>($14,331.20)</u> |
| | | 9,724 | | $307,181.16 | | | | | **($133,996.72)** |
| Tu, Alice | 10/17/2007 | 3,500 | $26.59 | $93,065.00 | 2/25/2008 | 3,500 | $15.80 | $55,300.00 | ($37,765.00) |
| | 10/17/2007 | <u>2,000</u> | $26.59 | <u>$53,180.00</u> | 4/7/2008 | <u>2,000</u> | $19.15 | <u>$38,300.00</u> | <u>($14,880.00)</u> |
| | | 5,500 | | $146,245.00 | | 5,500 | | $93,600.00 | ($52,645.00) |

# The Blackstone Group

**Movants' Register and Transaction Report**

**Page 2 of 2**

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gain (Loss) |
|---|---|---|---|---|---|---|---|---|---|
| Tu, Yixtn | 9/25/2007 | 2,000 | $24.23 | $48,460.00 | 11/5/2007 | 2,000 | $24.11 | $48,220.00 | ($240.00) |
| | 9/25/2007 | 2,100 | $24.23 | $50,883.00 | 11/28/2007 | 2,100 | $20.77 | $43,617.00 | ($7,266.00) |
| | 10/15/2007 | 5,000 | $27.50 | $137,500.00 | 11/28/2007 | 5,000 | $20.77 | $103,850.00 | ($33,650.00) |
| | 10/22/2007 | 2,900 | $25.89 | $75,081.00 | 11/28/2007 | 2,900 | $20.77 | $60,233.00 | ($14,848.00) |
| | 10/22/2007 | 2,100 | $25.89 | $54,369.00 | | | | | ($16,968.00) |
| | 10/28/2007 | 5,000 | $25.52 | $127,600.00 | | | | | ($38,550.00) |
| | 11/2/2007 | 2,000 | $24.03 | $48,060.00 | | | | | ($12,440.00) |
| | | 21,100 | | $541,953.00 | | 12,000 | | $255,920.00 | ($123,962.00) |
| Tu Family Total: | | 26,600 | | 688,198 | | 17,500 | | 349,520 | **($176,607.00)** |
| **TOTALS:** | | **36,124** | | **$1,002,519** | | **17,500** | | **$349,520.00** | **($369,596.00)** |

---

**Explanatory notes**

The total estimated damages of each Proposed Lead Plaintiff have been calculated in the following manner:

1) <u>Common stock sold within the Class Period</u>:
   Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) <u>Common stock still held</u>:
   Purchase price of Blackstone Group common shares still held minus the mean trading price of Blackstone Group common shares between March 10, 2008 and June 9, 2008 ($17.81) multiplied by the number of shares held.

3) <u>Common stock sold after the Class Period</u>:
   For shareholders who sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4) All losses have been calculated exclusive of costs, commissions and fees.

Exhibit D

# STULL, STULL & BRODY

## ATTORNEYS AT LAW

6 EAST 45TH STREET
SUITE 500
NEW YORK, NY  10017
TELEPHONE:  (212) 687-7230
FACSIMILE:  (212) 490-2022

10940 WILSHIRE BOULEVARD
SUITE 2300
LOS ANGELES, CA  90024
TELEPHONE:  (310) 209-2468
FACSIMILE:  (310) 209-2087

## BRIEF BIOGRAPHY OF STULL, STULL & BRODY

Over the past 30 years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in securities class actions.  Stull, Stull & Brody has litigated hundreds of securities cases obtaining nearly a billion dollars in settlements for aggrieved shareholders.  Stull, Stull & Brody has also represented claimants in numerous class actions alleging violations of ERISA.  With 17 attorneys and a full complement of secretarial and administrative personnel, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation.  Our lawyers possess outstanding credentials and have repeatedly been acknowledged for their achievements.

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalism, and in the court's view efficiency of these firms, so there is no question in the court's mind of the quality of the representation.  *In re American Express Fin'l Advisors Sec. Litig., 04* Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

> [T]his is one of the largest, if not the largest, securities fraud settlements in this district.  The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency investigation and so prosecuted the case without assistance. . . .  The management of the case was also of extremely high quality. . . . [C]lass

counsel is of high caliber and has extensive experience in similar class action litigation. Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . . The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines. *In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession. They are the top of the line. *In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. September 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions. The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement. *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved." *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys [sic] as a result of certain things which occurred during the course of the operation of this corporation which perhaps should not have occurred. *Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation. The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation. *Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976).

Stull, Stull & Brody's expertise in the field of securities litigation has also been

recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v.*

*Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.);

*Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981,

Fox, J.); *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452

(ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.);

*Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979,

Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347

(Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT

(C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879

(E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y.

1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,738 (E.D.N.Y.

1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

## SEMINAL CASES

Throughout its 30 year history, Stull, Stull & Brody has been involved with a

number of seminal cases that have significantly affected the landscape of securities

litigation.

♦ In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm
appeared for the plaintiff in a landmark decision establishing the principle
that a representative plaintiff need not be willing to bear all costs of an
action to satisfy the adequacy of representation requirement.

♦ In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully
argued before the California Supreme Court that a non-trading
shareholder has the right to sue a corporation for damages where the
shareholder relies on false financial statements issued by the corporation.
The decision represented a significant doctrinal change and was widely
heralded as a potent new weapon for investors.

♦ In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that
neither the personality nor the motive of a proposed class representative
was determinative of whether he would provide vigorous advocacy for
the class, thereby preventing defendant corporations from compelling
representatives to respond to questions regarding motives and actions in
past cases.

♦ In *In re Cabletron Systems, Inc. Securities Litigation*, 311 F.3d 11 (1st Cir.

2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act. This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

♦ In *In re Frontier Group Insurance Litigation*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

♦ In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

♦ The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981).

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering nearly a billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

Settled Securities Class Action Cases

• *In re Bankamerica Corp. Securities Litigation*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

• *In re Geodyne Resources, Inc. Securities Litigation* (Harris County Tex.) (recovery of $200 million)

• *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

• *Spahn v. Edward D. Jones & Co., L.P. et al.*, 04-CV-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers. In addition, defendants paid all reasonable costs and expenses of class notice and settlement administration)

• *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures. In addition, defendants paid all reasonable costs of class notice and settlement administration, which is currently estimated to be $15 to 18 million)

• *In re Ikon Office Solutions, Inc. Securities Litigation*, MDL No. 1318 (E.D. Pa.

May 9, 2000) (recovery of $111 million)

- *In re Salomon Brothers Treasury Litigation*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

- *In re Westinghouse Securities Litigation,* Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006) (recovery of $56.29 million for partial settlement of claims)

- *In re Thomas & Betts Securities Litigation*, Case No. 00-2127 (W.D. Tenn. 2002) - related case: *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 millon)

- *In re Tenneco Inc. Securities Litigation*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

- *In re Apria Healthcare Group Securities Litigation*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

- *In re Cannon Group Securities Litigation*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- *In re: Northeast Utilities Securities Litigation*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- *Lasky v. Brown (United Companies Financial Corporation) Securities Litigation*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

- *Lasker et al v. Kanas et. al*, Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

- *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

- *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- *In re C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW)

(D.N.J. 1991) (recovery of $17.9 million)

- *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

- *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

- *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

- *In re Elscint Securities Litigation*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

- *In re National Medical Enterprises Securities Litigation II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

- *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

- *In re Cybermedia, Inc. Securities Litigation*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

- *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

- *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

- *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

- *In re U.S.A. Detergent Securities Litigation,* 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

- *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

- *In re Nice Systems, Ltd. Securities Litigation*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

- *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

- *In re Beverly Enterprises, Inc. Securities Litigation*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

- *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

- *In re Stratosphere Securities Litigation*, Master File No. CV-S-96-00708-PMP

(RLH) (D. Nev.) (recovery of $9 million)

- *In re Steven Madden Ltd. Securities Litigation*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

- *In re Gibraltar Financial Corporation Securities Litigation*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

- *In re FHP Securities Litigation*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

- *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

- *In re Orion Pictures Corp. Securities Litigation*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y. 1992) (recovery of $8 million)

- *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

- *In re Triton Energy Corporation Securities Litigation*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

- *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

- *In re Dime Savings Bank of New York Securities Litigation*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

- *In re Western Digital Securities Litigation*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- *In re Bank of New England Corporation Class Action and Shareholder Litigations*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

- *In re Berkshire Realty Company, Inc. Shareholder Litigation*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

- *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

- *In re Ziff-Davis, Inc. Securities Litigation*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

- *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial District, Harris County, Texas (recovery of $6 million)

- *In re Ascend Communications Securities Litigation*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

- *In re Brightpoint, Inc. Securities Litigation*, Case No. IP 01 1796 C-T/K (recovery of $5.25 million)

- *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of $5 million)

- *In re SouthEast Banking Corp. Securities Litigation*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

- *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

- *In re Regeneron Pharmaceuticals, Inc. Securities Litigation,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

- *In re Sunglass Hut Intl., Inc. Securities Litigation*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

- *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

- *In re Fidelity Holdings Securities Litigation*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

- *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005)(recovery of $4.4 million)

- *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

- *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

- *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

- *In re HMO America Securities Litigation*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

- *In re Nanophase Technologies Corporation Securities Litigation*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

- *In re Quintex Securities Litigation*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

- *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

- *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

- *In re iTurf Inc. Shareholders Litigation*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

- *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

- *In re Kay Jewelers Securities Litigation*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

- *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

- *In re TwinLab Corp. Securities Litigation,* Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

- *In re Spectrian Corp. Securities Litigation*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Securities Litigation*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

- *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

- *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

- *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

- *In Re: Columbia Entities Litigation*, 04-CV-11704 (D. Mass. 2004) (reduction in the overall rate charged as advisory fees (i.e., "breakpoints") when the mutual funds advised by the advisers reach certain levels of assets under management, enhanced shareholder communications, and a $100,000 contribution to research expenses for the benefit of some or all of the settling funds)

Settled ERISA Class Action Cases

- *In re AOL Time Warner ERISA Litigation*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004)  (Stull, Stull & Brody served as liaison counsel for the class in

a case which recovered a payment of $79 million to the company's 401(k) plan)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

- *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

- *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

- *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

- *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

Stull, Stull & Brody's advocacy in these and other ERISA class actions, which have been brought on behalf of 401(k) retirement plan participants and beneficiaries, has also yielded new law in the ERISA field. For example, in the appeal of a dismissal of *In re AEP ERISA Litigation*, Stull, Stull & Brody successfully argued that the plaintiff, who had "cashed out" of his 401(k) plan, had standing to sue. The Sixth Circuit Court of Appeals agreed and remanded the case for further proceedings. *Bridges v. American Electric Power Co., Inc.*, 498 F.3d 442 (6th Cir. 2007). Also, in the *Lucent* ERISA litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company. Stull, Stull &

Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues.  The District Court ultimately ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

Various courts have noted Stull, Stull & Brody's excellence in the field of ERISA Class Actions.  *E.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 556 (S.D. Ohio 2005)  ("the Court finds that [co-lead counsel and] Stull, Stull & Brody have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side"); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1270 (D. Kan. 2006) ("The high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case. This was demonstrated by their successful and commendable prosecution of this case through the motion to dismiss stage and the ultimate settlement of this case under favorable terms."); *id.* at 1260 ("counsel litigated this case during its early phases aggressively and in a manner that demonstrated legal expertise in this area of the law"); *In re AOL Time Warner ERISA Litig.*, 2006 U.S. Dist. LEXIS 70474 (S.D.N.Y. 2006) ("Class counsel are qualified attorneys with considerable ERISA experience. Their prosecution of this lawsuit has secured the substantial Settlement now under consideration. Throughout this litigation, they have shown themselves to be capable and qualified to represent the Class."); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel).

<u>Settled Derivative Cases</u>

- *Esther Sadowsky Testamentary Trust, et al. v. Brendsel*, et al. *(Federal Home Loan Mortgage Corporation)*, 05-cv-2596 (Oct. 27, 2006) (recovery of approximately $100 million as well as significant corporate governance measures)

- *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

Stull, Stull & Brody is presently serving as plaintiffs' lead or co-lead counsel in a

number of pending actions in various district courts, including:

<u>Pending Securities Class Action Cases</u>

- *Bachman v. AG Edwards, Inc., et al.*, Cause No. 22052-01266-02 (Mo. Cir. Ct.)

- *In re Arotech Corp. Securities Litigation*, Master File No. 07-CV-1838 (RJD) (VVP)

- *Sharon Bobbitt v. Andrew J. Filiposki, et al.*, No. 03 C 3599 (N.D. Ill.)

- *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.)

- *In Re: Interlink Electronics Inc. Sec. Litig.*, 05-CV 08133 (AG) (SH) (W.D. Cal.)

- *In re Light Management Group, Inc. Sec. Litig.*, Civil Action No. 02-CV-3345 (RO) (S.D.N.Y.)

- *In re Merck & Co., Inc., Securities, Derivative & "ERISA: Litig.*, MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF, (D.N.J.) Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

- *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn.)

- *In re Mutual Funds Investment Litig.*, MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.*, Case No. 04-cv-3798-JFM (D. Md.)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (for Securities Act of 1933 claims)

- *In re Priceline.com, Inc. Sec. Litig.*, Master File No. 3:00CV01884 (AVC) (D. Conn.)

- *In re Rambus Securities Class Action Litig.*, Master File No. CO6-4346 JF

(N.D. Calif.)

- *In re Rhythms Sec. Litig.,* Civil Action No. 02-K-35 (GCL) (D. Co.)

- *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

<u>Pending ERISA Class Action Cases</u>

- *Overby v. Tyco International, Ltd.,* Case No. 02-CV-1357-B (D.N.H.) (over 80 million pages of discovery were produced to counsel and over 250 days of deposition have been taken to date)

- *In re AEP ERISA Litigation*, Master File No. C2-03-67 (ALM) (S.D. Ohio)

- *Howell et al. v. Koenemann, et al*, Case No. 03-CV-5044 (RRP) (N.D. Ill.) (ERISA class action against Motorola, Inc.)

- *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.)

- *Quan v. Computer Sciences Corporation et al*, Case No. 06-cv-3927 (CBA) (E.D.N.Y.)

- *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio)

- *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex.)

- *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 06-cv-10105 (JLT) (D. Mass.)  (Stull, Stull & Brody is serving as counsel for Plaintiffs)

- *Lanfear et al. v. Home Depot, et al*, 07-cv-197 (ODE) (N.D. Ga.) (appeal pending)

- *Pugh et al v. The  Tribune Companies et al*, 05-c-2927 (WTH) (N.D. Ill.) (appeal pending)

- *Fisher v. JP Morgan Chase & Co.*, et al., 03-CV-3252 (SHS) (S.D.N.Y.) (sole counsel for plaintiffs) (appeal pending)

<u>Pending Derivative Cases</u>

- *Pincus v. Browne, et al. (BP p.l.c.)*, 06-cv-6168 (S.D.N.Y. Aug. 14, 2006)

- *Lasker v. Massengill (In re State Court Western Digital Corp. Deriv. Litig.)*, 06-CC-00159 (Cal. Super. Ct., Orange County Aug. 14, 2006)

- *In re Foundry Networks, Inc. Deriv. Litig.*, 1:06-cv-068878 (Cal. Super. Ct., Santa Clara County Aug. 9, 2006)

- *In re Hewlett-Packard Company Derivative Litigation*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County 2006), 2426-VCN (Delaware Chancery Court 2006)

- *In Re Jabil Circuit Options Backdating Litigation*, 06-CV-01257 (M.D. Fla. 2006)

- *Stoll et al., v. Glenayre Technologies, Inc. et al.*, 07-CV-00608 (S.D.N.Y. 2008)

- *Ekas v. Burris, et al. (Citrix Systems, Inc.)*, 07-016114-11, (Fla. Cir. Ct., Broward County 2007)

## ATTORNEYS

Stull, Stull & Brody maintains offices in both New York and Los Angeles.  The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

## NEW YORK

*Jules Brody* is a graduate of Brooklyn College, *magna cum laude*, and received his L.L.B. from the New York University School of Law in 1964.  Mr. Brody made the Dean's List and was an editor of the Law Review.  Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964.  At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class.  He was admitted to the New York State Bar in 1964.  Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967.  Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

*Edwin J. Mills* is Of Counsel to Stull, Stull & Brody.  He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977.  Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978.  He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States.  He is experienced in all aspects of securities class action litigation, including settlement negotiation and trial.  Mr. Mills is also active in several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving Lucent Technologies, Household International, Tyco International, Conseco, American Electric Power and Sears.

*Mark Levine* is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981.  He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United

States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts. He has participated in the litigation of securities class actions throughout the United States.

*Howard T. Longman* received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982. Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Patrick K. Slyne* received his J.D. from the University of Wyoming in 1988. He is a member of the Colorado, Connecticut and Wyoming state bars.

*Melissa R. Emert* received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988. Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Aaron L. Brody* received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995. At NYU, Mr. Brody concentrated on securities law and was a staff editor on the *Review of Law and Social Change*. Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Tzivia Brody* received her undergraduate degree from Stern College, *magna cum laude*, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995. Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Jason D'Agnenica* received his undergraduate degree from Providence College in 1995, B.A., cum laude, and his J.D. from St. John's University School of Law in 1998. While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic. Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island. Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*Nathan G. Lamm* received his undergraduate degree from Yeshiva University, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Lamm is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

*Menashe Y. Shapiro* received his undergraduate degree from Yeshiva University, *cum laude*, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Shapiro is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*James Henry Glavin IV* received his undergraduate degree from Boston College, Class of 1999, and his J.D. from Fordham University School of Law in 2002. While at Fordham, Mr. Glavin served as an editor on the Moot Court Board and International Law Journal. Mr. Glavin is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Michael J. Klein* received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*James E. Lahm* received his undergraduate degree from The Ohio State University and his J.D. from Benjamin N. Cardozo School of Law in 2004. Mr. Lahm is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey.

*Maksim Fuchs* received his undergraduate degree from Boston University, class of 2003, and his J.D. from Seton Hall School of Law in 2006. While at Seton Hall Mr. Fuchs finished in the top 16 of the Eugene Gressman Moot Court competition and served as the President of the Jewish Law Society. Mr. Fuchs is a member of the New York and New Jersey Bars.

## LOS ANGELES OFFICE

*Patrice L. Bishop* received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994. Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Eighth and Ninth Circuits.

*Timothy J. Burke* graduated *magna cum laude* from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995. Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.