UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANDMEN PARTNERS INC., Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI,<br>Defendants. | Civil Action No. 08-CV-03601 - CM |
| TIMOTHY McADAM, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI,<br><br>Defendants.<br>[*caption continued on next page*] | Civil Action No. 08-CV-03838 - CM |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE BX INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | |
|---|---|
| DAVID B. GALCHUTT, Individually And On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI,<br>                Defendants. | Civil Action No. 08-CV-04110 - CM |
| DAVID W. JAKEMAN, Individually And On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>THE BLACKSTONE GROUP L.P., STEPHEN A. SCHWARZMAN and MICHAEL A. PUGLISI,<br><br>                Defendants. | Civil Action No. 08-CV-04064 - CM |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................. 1

PROCEDURAL BACKGROUND ............................................................................. 3

STATEMENT OF FACTS ........................................................................................ 3

ARGUMENT ............................................................................................................ 5

I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ............ 5

II. THE BX INVESTOR GROUP SHOULD BE APPOINTED
LEAD PLAINTIFFS ........................................................................................ 6

    A. The Procedural Requirements Pursuant to the PSLRA ........................ 6

    B. The BX Investor Group Is "The Most Adequate Plaintiff" ..................... 7

        1. The BX Investor Group Has Complied With the
PSLRA and Should Be Appointed Lead Plaintiff ...................... 7

        2. The BX Investor Group Has the Largest Financial Interest ............ 8

        3. The BX Investor Group Satisfies the Requirements of Rule 23 ....... 9

            i. The BX Investor Group's Claims are Typical of the Claims
of all the Class Members ............................................................ 10

            ii. The BX Investor Group Will Adequately Represent
the Class ..................................................................................... 11

III. THE COURT SHOULD APPROVE THE BX INVESTOR GROUP'S
CHOICE OF LEAD COUNSEL ..................................................................... 12

CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002) .................. 8

*Daniels v. City of N.Y.*, 198 F.R.D. 409 (S.D.N.Y. 2001) .................. 10

*Ferrari v. Impath*, No. 03-c 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) .................. 10

*Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006) .................. 6

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996) .................. 6

*Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .................. 6

*In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) .......... 7, 9, 10

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y. May 27, 2004) .................. 6

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986) .................. 10

*Sczensy Trust v. DiCamillo*, 223 F.R.D. 319 (S.D.N.Y. 2004) .................. 9

*Schulman v. Lumenis, Ltd.*, 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348 (S.D.N.Y. June 18, 2003) .................. 8

*Sofran v. Labranche & Co.*, 220 F.R.D. 398 (S.D.N.Y. 2004) .................. 7, 8

*In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 20, 2001) .................. 8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248 (S.D.N.Y. 2003) .......... 9

*Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001) .................. 8

*Wilder v. Bernstein*, 499 F. Supp. 980 (S.D.N.Y. 1980) .................. 10

## FEDERAL STATUTES

15 U.S.C. § 77z-1(a) .................................................................................................. passim

Fed. R. Civ. P. 23 ...................................................................................................... passim

Fed. R. Civ. P. 42 ........................................................................................................... 1, 5

## **PRELIMINARY STATEMENT**

The BX Investor Group (or "Movants"),[1] a small, cohesive group of 2 members, submits this memorandum in support of its motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the various related securities class actions filed against The Blackstone Group L.P.[2] ("Blackstone" or the "Company") and other Defendants (collectively the "Actions"); (2) to be appointed Lead Plaintiff in the Action pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (3) and for approval of its selection of the law firm of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel, for the Class in this case.

As described in the table of calculated losses attached to the Declaration Of David A.P. Brower In Support Of the Motion Of The BX Investor Group To Consolidate Related Actions; To Be Appointed Lead Plaintiff, And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("Brower Decl."), at Exhibit B, the BX Investor Group has suffered losses of $612,784.23 as a result of its members' purchases of shares of Blackstone common units pursuant to the Company's initial public offering (the "IPO" or the "Offering") on or about June 25, 2007

---

[1] The BX Investor Group is compromised of Francis Brady and Max Poulter. Though Movants move together as a group, alternatively, both agree to have the Court consider their losses individually and appoint either of them, individually, should the Court so desire. *See* Brower Decl., Exhibits B and C.

[2] The related securities fraud class actions in this Court include the following cases: *Landmen Partners, Inc., et al. v. The Blackstone Group, L.P., et al.*, 1:08-cv-03601-CM (S.D.N.Y.); *McAdam et al. v. The Blackstone Group, L.P. et al.*, 1:08-cv-03838-CM (S.D.N.Y.); *Jakeman v. The Blackstone Group L.P. et al.*, 1:08-cv-04064-CM (S.D.N.Y.); and *Galchutt et al. v. The Blackstone Group L.P. et al.*, 1:08-cv-04110-CM (S.D.N.Y.).

through on or about March 12, 2008 (the "Class Period").[3] *See also* Brower Decl., Exhibit B (table of calculated losses). To the best of its knowledge, the BX Investor Group has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the BX Investor Group's members' Certifications demonstrate their intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[4] The members of the BX Investor Group fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this Action. As provided in the individual Declarations of the members of the BX Investor Group, they have conferred with each other, they are aware of their responsibilities for serving as Lead Plaintiff in this action, and they have agreed to coordinate their efforts throughout the course of this litigation. *See* Brower Decl. Exhibit C. Moreover, the members of the BX Investor Group satisfy both the applicable requirements of the PSLRA and Fed. R. Civ. P. 23, and is presumptively the "most adequate plaintiff."

---

[3] For purposes of this Motion, the BX Investor Group adopts the Class Period beginning date pursuant to the Company's initial public offering of on or about June 25, 2007, as stated in two of the complaints titled *Landmen Partners, Inc., et al. v. The Blackstone Group, L.P., et al.*, 1:08-cv-03601-CM (S.D.N.Y.; filed April 15, 2008) and *McAdam et al. v. The Blackstone Group, L.P. et al.*, 1:08-cv-03838-CM (S.D.N.Y.; filed April 23, 2008); and the Class Period ending date of on or about March 12, 2008. The complaint titled *Jakeman v. The Blackstone Group L.P. et al.*, 1:08-cv-04064-CM (S.D.N.Y.; filed April 30, 2008) is not available on Pacer, however, the press release filed after the complaint states that the class period beginning date is on or about June 25, 2007 as well.

[4] The PSLRA authorizes any member or group of members of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). Copies of the BX Investor Group's members' Certifications of their transactions in Blackstone securities during the Class Period are attached as Exhibit A to the Brower Declaration.

## PROCEDURAL BACKGROUND

Related cases alleging substantially identical claims for nearly identical classes of Blackstone common stock purchasers are pending in this Court. The first case was filed on April 15, 2008, captioned *Landmen Partners, Inc., et al. v. The Blackstone Group, L.P., et al.*, 1:08-cv-03601-CM (S.D.N.Y.). Thereafter, the following additional cases alleging the same or similar claims were filed in the Southern District of New York: *McAdam; Jakeman;* and *Galchutt*.

Pursuant to 15 U.S.C. § 77z-1(a)(3)A)(i), on April 15, 2008, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (June 16, 2008). *See* Brower Decl., Exhibit D.

The members of the BX Investor Group are members of the Class (*see* Brower Decl., Exhibit A), and they have timely moved within the 60 day period following publication of the April 15, 2008 notice as required for appointment as Lead Plaintiff under the PSLRA.

## STATEMENT OF FACTS

Defendant Blackstone is "a leading global alternative asset manager and provider of financial advisory services." Prior to the IPO, Blackstone reorganized its businesses into a holding partnership structure. Blackstone is now a holding partnership and is the sole general partner of each of the partnership entities that hold Blackstone's various businesses.

On or about June 21, 2007, Blackstone filed a Registration Statement for the IPO with the SEC. On or about June 25, 2007, the Prospectus for the IPO became effective and more than 133 million shares of Blackstone's common units were sold to the public at $31 per unit, raising more than $4 billion.

The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation. The Registration Statement failed to disclose that certain of the Company's portfolio companies were declining in value and as a result, Blackstone's equity investment was impaired, and the Company would not generate anticipated performance fees on those investments.

For example, at the time of the IPO, Blackstone's investment in FGIC Corporation ("FGIC") was performing poorly. FGIC was one of the four leading monoline financial guarantors. Blackstone owns a twenty-three (23) percent equity ownership interest in FGIC. Financial Guaranty focused mainly on conservative municipal bonds, but began writing insurance on collateralized debt obligations ("CDOs"), including CDOs backed by subprime mortgages to higher-risk borrowers.

By the time of the IPO, the Company's investment in FGIC was materially impaired as FGIC's bond insurance arm, Financial Guaranty, had significant exposure to defaults on bonds it insured. Similarly, at the time of the IPO, Blackstone's equity investment in Freescale Semiconductor was not performing well and was materially impaired.

In the months after the IPO, details of the problems with some of Blackstone's portfolio companies slowly began to become known to the market and the price of Blackstone stock substantially declined. On March 10, 2008, Blackstone issued a press release announcing its financial results for the full year of 2007 and the fourth quarter of 2007, the periods ending December 31, 2007. Among other things, the Company reported that it had written down its investment in FGIC by $122.9 million. The Company also reported that for the fourth quarter its total reportable segment revenues declined to $366.9 million, primarily due to decreased

revenues in the Corporate Private Equity and Real Estate segments. At the time of the filing of the April 15, 2008 complaint, Blackstone common units traded in a range of $17-$17.50 per share, approximately 45% below the IPO price of $31.00 per share, resulting in substantial damages to class members.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 27(a)(3)(B)(iii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The four related Actions are suited for consolidation. The class action complaints are all brought by shareholders of Blackstone against the same defendants. The complaints allege nearly identical "class periods" and contain similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's business, internal controls and financial results during the relevant period.[6] "While district courts have 'broad discretion' in determining the propriety of

---

[5] *See* Fed. R. Civ. P. 42(a): "Consolidation. If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports." *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (citation omitted). Accordingly, this Court should consolidate the related actions.

### II.   THE BX INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on April 15, 2008. *See* Brower Decl., Exhibit D.[7] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be June 16, 2008. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

---

[6] This information is based on the review of the complaints in the above-identified actions available on PACER at the time of the filing of this Motion.

[7] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B.  The BX Investor Group Is "The Most Adequate Plaintiff"**

    **1.  The BX Investor Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

The BX Investor Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on April 15, 2008. Accordingly, the BX Investor Group meets the requirements of 15 U.S.C. § 77z-1(a)(3)(A) and (B) and has filed its motion by June 16, 2008.

The members of the BX Investor Group have shown their willingness to represent the Class by signing sworn Certifications detailing their Blackstone transactions during the Class Period and confirming their willingness to discharge the obligations of class representatives in

the Action. *See* Brower Decl., Exhibit A. Additionally, both members of the BX Investor Group have signed Declarations (*see* Brower Decl., Exhibit B) demonstrating that they intend to consult with counsel on a regular basis and direct their counsel and the course of the litigation.

Small cohesive groups like the BX Investor Group have routinely been appointed as Lead Plaintiff in securities class actions, when they have shown the Court their ability to effectively manage the litigation. *See Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *see also Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *21-22 (S.D.N.Y. June 18, 2003) (same); *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS 10134, at *13-16 (S.D.N.Y. June 6, 2002) (same). Thus, to determine whether a "group" meets the definition of a "group" under the PSLRA, the court's "singular focus will be whether the asserted group has demonstrated the ability to effectively manage the litigation in the interests of the class and direct the litigation without undue influence of counsel." *In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *21-22 (N.D. Cal. Aug. 20, 2001) (collecting cases).

In addition, the BX Investor Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resume of proposed Lead Counsel, Brower Piven, is attached as Exhibit E, respectively, to the Brower Declaration.

### 2. The BX Investor Group Has the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401. As demonstrated herein, the BX Investor Group, with losses of

$612,784.23 has the largest known financial interest in the relief sought by the Class. *See* Brower Decl., Exhibit B.

### 3. The BX Investor Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.") (citation omitted).

As detailed below, the BX Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The BX Investor

Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i. The BX Investor Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims...of the representative parties" are "typical of the claims...of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the claims of the members of the BX Investor Group are identical to, and non-competing and non-conflicting with the claims of the other Class members. The BX Investor Group and all of the Class members purchased Blackstone securities during the Class Period when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the BX Investor Group and the Class Members suffered damages as a result of these purchases. Therefore, the BX Investor Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The BX Investor Group is not subject to any unique or special defenses. Thus, the BX Investor Group meets the

typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class members.

### ii.   The BX Investor Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B).

The BX Investor Group's interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between the members of the BX Investor Group and the other Class members, but the members of the BX Investor Group have a significant, compelling interest in prosecuting the Actions to a successful conclusion based upon the very large financial losses both of its members have suffered as a result of the wrongful conduct alleged herein. This motivation, combined with the BX Investor Group's identical interest with the members of the Class, demonstrates that the BX Investor Group will vigorously pursue the interests of the Class. In addition, the BX Investor Group has selected a law firm to represent it and the Class that is highly experienced in prosecuting securities class actions.

In sum, because of the BX Investor Group's common interests with the Class members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a)(3) and (4) are met in this Action. Therefore, since the BX Investor Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the

Defendants, it is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), the BX Investor Group is the presumptive Lead Plaintiff and it should be appointed as such to lead this action.

### II. THE COURT SHOULD APPROVE THE BX INVESTOR GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The BX Investor Group has selected Brower Piven to serve as proposed Lead Counsel, respectively, for the Class. The firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Brower Decl., Exhibit E. Furthermore, the BX Investor Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all of the foregoing reasons, the BX Investor Group respectfully request that this Court: (1) consolidate all related actions; (2) appoint the BX Investor Group to serve as Lead Plaintiff in this Action; (3) approve the BX Investor Group's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: June 16, 2008               Respectfully submitted,


                                   **BROWER PIVEN**
                                     A Professional Corporation

                                     /s/  David A.P. Brower
                                   David A.P. Brower
                                   488 Madison Avenue
                                   Eighth Floor
                                   New York, New York 10022
                                   Telephone: (212) 501-9000
                                   Facsimile:  (212) 501-0300

                                   **BROWER PIVEN**
                                   A Professional Corporation
                                   Charles J. Piven
                                   World Trade Center-Baltimore
                                   401 East Pratt Street, Suite 2525
                                   Baltimore, Maryland 21202
                                   Telephone: (410) 332-0030
                                   Facsimile:  (410) 685-1300

                                   *Counsel for the BX Investor Group and Proposed Lead Counsel for the Class*