SIMPSON THACHER & BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/13

DIRECT DIAL NUMBER
(212) 455-3735

E-MAIL ADDRESS
bangiolillo@stblaw.com

*[Handwritten annotations across top: "I haven't read this because your argument doesn't read in ... endorsement. But ..."]*

*[Handwritten: "SO ORDERED: /s/ Harold Baer, Jr., U.S.D.J.  8/19/13"]*

BY FACSIMILE AND BY HAND

August 19, 2013

Re: Landmen Partners, Inc. et al. v. The Blackstone Group, L.P., et al., No. 08-cv-3601-HB

The Honorable Harold Baer, Jr.
United States District Court for the Southern
District of New York
500 Pearl Street
Chambers 2230
New York, New York 10007

Dear Judge Baer:

       We write on behalf of the Blackstone Group L.P., Stephen A. Schwarzman, Peter G. Peterson, Hamilton E. James, and Michael A. Puglisi (collectively, "Defendants") in response to the letter Plaintiffs sent to the Court on Friday, August 16, 2013 and regarding the Court's order dated the same day (the "Order") requiring Defendants to produce David Foley, David Roth, Timothy Coleman, and Gideon Berger (the "Proposed Trial Witnesses") for depositions. Plaintiffs' letter to the Court was not candid regarding the circumstances of Plaintiffs' belated request to reopen discovery. For that reason and the reasons set forth below, Defendants respectfully request reconsideration of the Order and that Plaintiffs' request for additional discovery be denied.

       Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the court. "A motion for reconsideration is appropriate where the moving party can point to . . . data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Plaintiffs omitted from their letter the key facts regarding their opportunity during discovery to depose the Proposed Trial Witnesses and their familiarity with these witnesses and their anticipated testimony, as well as the fact that Plaintiffs subpoenaed and identified two of the witnesses as trial witnesses before Defendants ever included them on their witness list. In light of these facts, as well as the fact that Defendants will be prejudiced if forced to prepare

SIMPSON THACHER & BARTLETT LLP

The Honorable Harold Baer, Jr.     -2-                    August 19, 2013

for additional depositions at this time, Defendants respectfully request that the Court reconsider the Order and deny Plaintiffs' request to reopen discovery.

In February 2013, the parties negotiated a stipulation and order governing a pre-trial schedule that allowed Plaintiffs to take 15 fact witness depositions and instituted a fact discovery cut-off date of March 29, 2013. Defendants produced every Blackstone witness requested by Plaintiffs. Plaintiffs chose to take only 13 of the 15 fact depositions they were allotted. Plaintiffs never asked to depose any of the individuals they now seek to depose.

As a result of Plaintiffs' misleading request to the Court, Plaintiffs are now going to be permitted to reopen fact discovery, almost five months after the agreed discovery cut-off and only several weeks prior to the start of trial (in the event Defendants' pending summary judgment is denied). Plaintiffs' purported justification for this additional discovery was that Defendants have identified the Proposed Trial Witnesses on their list of anticipated trial witnesses. However, Plaintiffs neglected to advise the Court that before the parties exchanged lists of anticipated trial witnesses on Friday, August 9, 2013, Plaintiffs' counsel sent us trial subpoenas for two of these same individuals – David Foley and David Roth – and asked us to accept service. *See* Ex. A. That same day, Plaintiffs sent us their list of anticipated trial witnesses, which listed these same two individuals. Last Friday, Plaintiffs were prepared to call Messrs. Foley and Roth to testify at trial without any additional discovery.

Nor was the Court advised of the opportunity Plaintiffs had to depose Messrs. Coleman and Berger before the fact discovery cut-off. Plaintiffs knew from discovery they took in this case that Mr. Coleman was the head of Blackstone's restructuring practice and in charge of Blackstone's engagement by affiliates of Bear Stearns (five days before Blackstone's IPO in June 2007). Plaintiffs nonetheless declined to depose him. Mr. Berger was likewise available to Plaintiffs during fact discovery as he would have served as Defendants' designee for Blackstone Alternative Asset Management ("BAAM") had Plaintiffs sought a deposition while discovery was ongoing, which they chose not to do. In short, Plaintiffs' letter misleadingly suggested to the Court that they were unaware of the four witnesses, which is not the case.

Furthermore, contrary to Plaintiffs' contention, Defendants were in no way required to list the Proposed Trial Witnesses in initial disclosures because these witnesses have no information that is probative of the issues in this case. The only reason Defendants identified these individuals as Proposed Trial Witnesses is because Plaintiffs have made these individuals and their documents a diversionary focus of their case during discovery and in their summary judgment opposition, and included two of these witnesses on their own trial witness list. *See, e.g., Quennie, Ltd. v. Nygard Int'l*, 204 F. Supp. 2d 601, 603 (S.D.N.Y. 2002) (permitting a witness to testify even where defendants did not identify the witness on their initial disclosures where "the plaintiff had itself subpoenaed [the witness] in

SIMPSON THACHER & BARTLETT LLP

The Honorable Harold Baer, Jr.  -3-  August 19, 2013

anticipation of trial, knew the content of [the witness'] proposed testimony, and would therefore suffer no unfair surprise from the use of her testimony.").

Indeed, as reflected below, Plaintiffs were fully aware of the Proposed Trial Witnesses and the subject matter of their anticipated trial testimony prior to the close of discovery because Plaintiffs, themselves, inserted them into the case:

- **David Foley:** Plaintiffs have focused in discovery and in their summary judgment opposition on a single email from David Foley, dated August 24, 2006. *See* Ex. B. Defendants produced this email to Plaintiffs on January 8, 2013. Plaintiffs questioned Hamilton James about this email specifically, and asked both Mr. James and James Quella about David Foley more generally during their depositions. *See* Ex. C (excerpts from deposition of Hamilton James) and Ex. D (excerpts from deposition of James Quella). Plaintiffs also relied on this email in opposing Defendants' summary judgment motion. *See, e.g.*, P.SJ-Opp. at 11; P.56.1 at ¶ 157. Almost five months after the close of discovery, Plaintiffs put David Foley on their trial witness list. Accordingly, Defendants defensively listed Mr. Foley on their witness list. Defendants will not call Mr. Foley to testify if Plaintiffs do not rely on Mr. Foley's email at trial.

- **David Roth:** Plaintiffs have focused in discovery and in their summary judgment opposition on a single email from David Roth, dated March 14, 2007, in which he comments on a Bloomberg article and the subprime market. *See* Ex. E. As the Court noted at summary judgment oral argument, Mr. Roth refers to himself in his email as "Chicken Little," indicating that any concerns he expressed about the subprime market were highly speculative. *See* Ex. F (excerpts from Summary Judgment Hearing dated August 14, 2013). Defendants produced Mr. Roth's email to Plaintiffs almost a year ago on October 22, 2012. Since then, Plaintiffs have questioned three fact witnesses and one of Defendants' expert witnesses about this email, and Plaintiffs' expert, Thomas Myers, focused on this email in his report submitted months ago. *See* Exs. C (excerpts from deposition of Hamilton James), G (excerpts from deposition of Stephen Schwarzman), and H (excerpts from deposition of Jonathan Gray). Plaintiffs also relied on this email in opposing Defendants' summary judgment motion. P.SJ-Opp. at 8. Nonetheless, as Defendants noted at summary judgment oral argument, Plaintiffs never sought to depose Mr. Roth. *See* Ex. F. Almost five months after the close of discovery, Plaintiffs put David Roth on their trial witness list. Accordingly, Defendants

Simpson Thacher & Bartlett LLP

The Honorable Harold Baer, Jr.          -4-          August 19, 2013

         defensively listed Mr. Roth on their witness list. Defendants will not call Mr. Roth to testify if Plaintiffs do not rely on Mr. Roth's email at trial.

- **Timothy Coleman:** Plaintiffs have focused in discovery and in their summary judgment opposition on the fact that affiliates of Bear Stearns retained Blackstone's Restructuring & Reorganization Group five days prior to Blackstone's IPO. At depositions and in their summary judgment opposition, Plaintiffs and their expert, Thomas Myers, have relied on this fact, citing newspaper articles (including a Wall Street Journal article) and internal Blackstone emails reflecting this engagement. *See* P.SJ-Opp. at 9; P. 56.1 ¶ 53; Ex. I (Wall Street Journal article regarding Blackstone engagement). Plaintiffs even asked Matthew Kabaker whether he was aware that "Mr. Coleman helped assist Bear Stearns in mid-June in relation to high-yield CDO funds." *See* Ex. J (excerpts from deposition of Matthew Kabaker). Accordingly, Defendants defensively listed Mr. Coleman on their witness list. Defendants will not call Mr. Coleman to testify if Plaintiffs do not raise this irrelevant issue at trial.

- **Gideon Berger:** Plaintiffs have focused in discovery and in their summary judgment opposition on the fact that BAAM executed what Plaintiffs have described as a "short position" in "the fall of 2006." Defendants produced the documents relating to this matter to Plaintiffs over a year ago on May 5 and July 25, 2012. *See* Exs. K (Letter from BAAM dated November 2, 2007), L (email from Matthew Kabaker to Chinh Chu dated April 24, 2007) and N (Letter from BAAM dated April 27, 2007). Plaintiffs have questioned three fact witnesses on BAAM's "short position," their expert, Thomas Myers, has relied on this fact in his report, and Plaintiffs have raised this issue in their summary judgment opposition. P. SJ-Opp. at 7-8; P.56.1 at ¶ 213; P.SJ-Ex. 164; *see* Exs. H (excerpts from deposition of Jonathan Gray), I (excerpts from deposition of Matthew Kabaker), and M (excerpts from deposition of Chinh Chu). Accordingly, Defendants defensively listed Mr. Berger on their witness list. Defendants will not call Mr. Berger to testify if Plaintiffs do not raise this irrelevant issue at trial.

         Plaintiffs had every opportunity prior to the close of discovery almost five months ago to seek documents from and depositions of these exact four Proposed Trial Witnesses, but they chose not to do so. As noted above, the parties stipulated and agreed in connection with discovery that Plaintiffs would be entitled to depose a total of fifteen

SIMPSON THACHER & BARTLETT LLP

The Honorable Harold Baer, Jr.  -5-  August 19, 2013

witnesses of their choosing, and could request leave from the Court for additional depositions should the need arise. ***Of the fifteen fact depositions that Plaintiffs were allotted, Plaintiffs chose to take only 13.*** The discovery deadline has come and gone and we are now only weeks from trial. Plaintiffs decided voluntarily not to depose the four Proposed Trial Witnesses about the subject matters that they themselves have inserted into this case, and this Court should not grant Plaintiffs' last-minute request for a "do-over" of discovery.

In addition, Defendants will be unfairly prejudiced by allowing Plaintiffs to proceed with these last-minute depositions. Trial is scheduled to begin in a matter of weeks and Defendants should not be required to prepare and attend four additional depositions while in the midst of trial preparation. There is a purpose to a discovery schedule — to provide an orderly process so that both sides obtain fair discovery, know what the record is at the time of summary judgment motions, and know that they will be able to prepare for trial without time consuming distractions. Here, in addition to general trial preparation, the parties have agreed to interim pre-trial deadlines pursuant to which they must exchange objections to witnesses, exhibits, and deposition designations by August 20, file oppositions to the various motions *in limine* by August 21, exchange responses to witnesses, exhibits, and deposition designation objections by August 27, and file replies in further support of motions *in limine* by August 28. It would be immensely unfair for Defendants to have to forfeit four days of preparation time in order to comply with Plaintiffs' belated deposition requests. None of the purposes of the discovery schedule is served by re-opening discovery at this late stage. Further, there is no element of surprise here as Plaintiffs are thoroughly familiar with each Proposed Trial Witness and their testimony will be used solely to rebut issues that Plaintiffs have injected into the case. Given the lack of surprise to Plaintiffs and their prior opportunities to obtain the depositions they are now requesting, there is no justification for burdening Defendants in this way.

In light of the foregoing, Defendants respectfully request that the Court reconsider the Order and deny Plaintiffs' request for additional depositions at this late juncture.

Respectfully,

*Bruce Angiolillo*
Bruce Angiolillo

cc: All counsel of record

Endorsement:

I haven't read this because you apparently haven't read my endorsement.