UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| LANDMEN PARTNERS, INC., Individually and On Behalf of All Others Similarly Situated, | : : : : | Civil Action No. |
| Plaintiff, | : : : | 08 Civ. 3601 (HB) (FM) |
| - against - | : : : |  |
| THE BLACKSTONE GROUP, L.P. et al., | : : |  |
| Defendants. | : : : : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement dated August 28, 2013 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Martin Litwin and Francis Brady ("Lead Plaintiffs"), on behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) The Blackstone Group L.P. ("Blackstone"), Stephen A. Schwarzman, Peter G. Peterson, Hamilton E. James, and Michael A. Puglisi ("Individual Defendants") (Blackstone and the Individual Defendants, the "Defendants") on the other hand, by and through their counsel of record in the above-referenced consolidated litigation pending in the United States District Court for the Southern District of New York (the "Action"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, below.

I.      **THE LITIGATION**

On April 15, 2008, Landmen Partners, Inc. commenced this Action by filing a complaint captioned *Landmen Partners, Inc. v. The Blackstone Group, L.P., et al.*, Civil Action No. 08 Civ. 3601, against defendants Blackstone, Stephen A. Schwarzman and Michael A. Puglisi, alleging that the registration statement and prospectus ("Registration Statement"), issued in connection with Blackstone's initial public offering on or about June 21, 2007 ("IPO"), contained misrepresentations and omissions of material fact in violation of Sections 11, 12(a)(2) and 15 under the Securities Act of 1933.

By Order dated September 15, 2008, the Court appointed Martin Litwin and Francis Brady as Lead Plaintiffs, along with another individual who subsequently voluntarily withdrew from this case for medical reasons. The Court also appointed Robbins Geller Rudman & Dowd LLP (then known as Coughlin Stoia Geller Rudman & Robbins LLP) and Brower Piven, A Professional Corporation, as Lead Counsel.

On October 27, 2008, Lead Plaintiffs filed a Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws ("Complaint") against Blackstone and the Individual Defendants, continuing to allege that the Registration Statement contained misrepresentations and omissions of material fact in violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933.

On December 4, 2008, Defendants filed a motion to dismiss the Complaint and, after briefing and argument, the Court granted the motion and dismissed this Action in an Opinion and Order dated September 22, 2009. Subsequently, Lead Plaintiffs appealed the Opinion and Order to the Second Circuit Court of Appeals, and, on February 10, 2011, the Second Circuit issued a decision reversing the Opinion and Order and reinstating the Action.

Discovery commenced and Lead Plaintiffs ultimately secured the production of approximately 5 million pages of documents from Defendants and nearly 25 third parties, and

conducted or defended 21 depositions. As a result of their discovery efforts, Lead Plaintiffs and Lead Counsel were able to evaluate the strengths and weaknesses of the claims asserted in this Action. Additionally, during the course of discovery, Lead Plaintiffs and Lead Counsel worked with various experts to assess the viability of certain of their theories of liability and damages. Consultation with these experts also informed the prosecution and settlement of this Action.

On May 17, 2013, Defendants filed a motion for summary judgment. Shortly thereafter, on May 29, 2013, the parties participated in an all-day mediation session at which they discussed the strengths and weaknesses of the claims and defenses in this Action. Notwithstanding their efforts, the parties were unable to reach a resolution during the mediation session. Discussions took place between the parties and the mediator periodically thereafter.

On June 11, 2013, Lead Plaintiffs served an opposition to Defendants' motion for summary judgment, as well as motions to exclude the testimony and opinions of Defendants' experts. On June 21, 2013, Defendants served their reply papers in further support of the summary judgment motion, as well as oppositions to Lead Plaintiffs' exclusion motions.

On July 17, 2013, the Court notified the parties that a jury trial of this Action was scheduled to commence on September 16, 2013, and directed the parties to submit various pretrial materials in advance of same. On August 13, 2013, the Court entered an Order granting class certification in accordance with the parties' stipulation to certify a class with respect to the claims brought under Sections 11 and 15, directed notice to such class, and approved the dismissal of claims brought under Section 12(a)(2).

Additionally, on August 14, 2013, the Court held oral argument on Defendants' summary judgment motion, but reserved decision. That motion remained *sub judice* as of the time that the parties reached an agreement to resolve this Action.

As noted above, periodic discussions took place between the parties and the mediator after the unsuccessful mediation session on May 29, 2013. As a result of these discussions, the parties reached an agreement-in-principle to resolve this Action on August 24, 2013, and, on August 25, 2013, they reached agreement on the terms and conditions set forth in this Stipulation.

## II.   CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and any potential appeals. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays in obtaining an ultimate recovery for the Class inherent in such litigation. Lead Plaintiffs and Lead Counsel also are aware of the defenses to the federal securities law violations and damages asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made any material misstatements or omissions; that any

4

member of the Class has suffered compensable damages; that the price of Blackstone common units was not fair value by reason of the alleged misrepresentations, omissions, or otherwise; that the members of the Class were harmed by the conduct alleged in the Action; or that Defendants violated the Securities Act of 1933. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth in ¶¶9.2-9.3 below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation, shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all persons and entities (other than those persons and entities who timely and validly request exclusion in accordance with the requirements set forth herein) who purchased common units of Blackstone in Blackstone's initial public offering of such common units in the United States ("IPO") or in the open market on the New York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchases of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933.  Excluded from the Class are (i) Defendants; (ii) members of the immediate family of each of the Defendants; (iii) any entity that acted as an underwriter of the IPO; (iv) any natural person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party (collectively, "Excluded Persons"). For the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers. Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is

excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

1.4     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5     "Class Period" means the period June 21, 2007 through March 12, 2008, inclusive, and includes, without limitation, the IPO.

1.6     "Defendants" has the same meaning as defined above.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Agent" means Samuel H. Rudman of Robbins Geller Rudman & Dowd LLP and David A.P. Brower of Brower Piven, A Professional Corporation, or their successor(s).

1.9     "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of Distribution of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims; any proceeding or appeal pertaining solely to one or more

of these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.10    "Individual Defendants" means Stephen A. Schwarzman, Peter G. Peterson, Hamilton E. James, and Michael A. Puglisi.

1.11    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.12    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation.

1.13    "Lead Plaintiffs" means Martin Litwin and Francis Brady.

1.14    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court, after provision for the amounts set forth in ¶6.4 of this Stipulation.

1.15    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.16    "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court.  Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.17    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, underwriters (including Morgan Stanley & Co. Incorporated, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Credit Suisse Securities (USA) LLC, Lehman Brothers Inc., Deutsche Bank Securities Inc., ABN AMRO Rothschild LLC, Banc of America Securities LLC, Bear, Stearns & Co. Inc., Goldman, Sachs & Co., J.P. Morgan Securities Inc., Lazard Capital Markets LLC, UBS Securities LLC, Wachovia Capital Markets, LLC, Nikko Citigroup Limited, Skandinaviska Enskilda Banken AB (publ), and Wells Fargo Securities, LLC), representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

1.18    "Released Claims" means any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Action or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, arising from both the purchase or other acquisition of Blackstone common units during the Class Period and the acts, facts, statements

or omissions that were or could have been alleged by Lead Plaintiffs in the Action ("Release"). This Release extends to any and/or all Defendants and any and/or all of their Related Persons. "Released Claims" includes "Unknown Claims" as defined in ¶1.23 hereof.

1.19    "Released Persons" means each and all of Defendants in their individual and corporate capacities and each and all of their Related Persons.

1.20    "Settlement Fund" means Eighty-Five Million Dollars (U.S. $85,000,000.00) in cash to be paid or caused to be paid by Blackstone, or on behalf of Blackstone by its insurers, pursuant to ¶3.1 of this Stipulation, together with all interest and income subsequently earned thereon.

1.21    "Settling Parties" means, collectively, Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

1.22    "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**2.      CAFA Notice**

2.1      Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after this Stipulation is filed with the Court, the Claims Administrator shall, at Blackstone's expense, serve proper notice of the proposed Settlement upon the United States Attorney General and each State Attorney General.  Simultaneously, the Claims Administrator shall provide a copy of such notice as well as proof of service of such notice to counsel for Lead Plaintiffs and Defendants.

**3.      The Settlement**

**a.      The Settlement Fund**

3.1      Blackstone, on behalf of Defendants, shall cause Eighty-Five Million Dollars (U.S. $85,000,000.00) to be transferred to the Escrow Agent within thirty (30) business days following entry of an Order preliminarily approving the Settlement.  These funds, together with any interest

and income earned thereon, shall constitute the Settlement Fund. If the Settlement Fund is not fully and timely funded, any unpaid portion shall incur interest at five (5) percent per annum until paid. Alternatively, Lead Counsel may terminate this Stipulation on fifteen (15) days notice to Defendants' counsel. Except for Blackstone's obligations to timely fund or cause the Settlement Fund to be funded, provide Blackstone's common unit transfer records, and to pay for the CAFA notice or cause the cost of the CAFA Notice to be paid, and except as otherwise provided for herein, Defendants shall not be required to pay more than the Settlement Fund pursuant to this Stipulation and the Settlement.

### b.  The Escrow Agent

3.2     The Escrow Agent shall invest the Settlement Fund deposited with a national banking institution headquartered in New York City pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.3     The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6     Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $500,000 in notice and administration costs ("Class Notice and Administration Costs") associated with the administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  Prior to the Effective Date, payment of any Class Notice and Administration Costs exceeding $500,000 shall require notice to and agreement from Defendants, through Defendants' counsel.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Class Notice and Administration Costs in excess of $500,000.  If the Effective Date does not occur, the Settlement Fund will be returned to Blackstone, less the costs or expenses incurred in connection with providing notice to the Class and administering the Settlement. In no event shall the Released Persons have any responsibility for or liability for the administration of the Settlement Fund.

**c.     Taxes**

**Qualified Settlement Fund**

3.7   (a)   The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c)   All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"),

shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither Defendants nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

> **d.    Termination of Settlement**

3.8    In the event the Stipulation: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred due or owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be refunded pursuant to written instructions from Defendants' counsel.

**4.    Notice Order and Settlement Hearing**

4.1    On or before August 28, 2013, or such later date set by the Court, the Settling Parties shall submit the Stipulation together with its exhibits ("Exhibits") to the Court and shall apply for entry of an order ("Notice Order"), substantially in the form of Exhibit A attached hereto, requesting,

*inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2    Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application.

**5.    Releases**

5.1    Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.2    Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively,

representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, Lead Counsel, and Abraham, Fruchter & Twersky, LLP from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within five (5) days of the Court's preliminary approval of this Stipulation, Blackstone will use reasonable efforts to cause its transfer agent to provide to Lead Counsel in a computer-readable format acceptable to the Claims Administrator, the last known names and

17

addresses of all Blackstone unitholders of record during the Class Period. Blackstone shall bear the expense of providing such names and addresses.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed to all unitholders of record identified by Blackstone's transfer agent the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto. The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and three (3) times, at least three (3) days apart each time, over the *Business Wire* or similar business-oriented wire service. The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay Lead Counsel's attorneys' fees and expenses ("Fee and Expense Award") and Lead Plaintiffs' expenses, if and to the extent allowed by the Court;

(b)     to pay all Class Notice and Administration Costs;

(c)     to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as

may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who file a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

6.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution in an equitable and economical fashion.  These redistributions shall be repeated until the balance

remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

6.10    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11    Defendants shall take no position with respect to the Plan of Distribution or any other such plan as may be approved by the Court.

6.12    It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.

6.13    No Person shall have any claim against Lead Plaintiffs, Lead Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Distribution, or otherwise as further ordered by the Court.

**7.      Lead Counsel's Attorneys' Fees and Expenses**

7.1    Lead Counsel may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees not to

exceed one-third (33.33%) of the Settlement Fund plus (b) expenses incurred in connection with prosecuting the Action, plus interest on both amounts at the same rate earned by the Settlement Fund until payment. Lead Plaintiffs may submit requests for an award of reasonable costs and expenses (including lost wages) relating to their representation of the Class. Lead Counsel reserves the right to make additional applications for attorneys' fees and/or expenses incurred by them in connection with the preservation of the Settlement Fund and/or the administration of the Settlement. Defendants will take no position and will not object to such Fee and Expense Application, or any application on behalf of Lead Plaintiffs for their expenses in representing the Class. Neither Lead Counsel nor any Class Member shall be entitled to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.

7.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on the Settlement. Lead Counsel shall thereafter allocate the attorneys' fees amongst counsel for plaintiffs in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution of the Action and the results achieved. Any such awards shall be paid solely by the Settlement Fund. In the event that the judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶¶7.1 and 7.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4     Released Persons shall have no responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel over and above payment of the Settlement Fund pursuant to ¶3.1.

7.5     Released Persons shall have no responsibility for the allocation among Lead Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**8.     Conditions of Settlement, Effect of Disapproval by the Court, or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     Blackstone, on behalf of Defendants, has deposited or caused to be deposited the Settlement Fund with the Escrow Agent;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Notice Order, as required by ¶4.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.9 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased or acquired a number of Blackstone common units during the Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" executed between Lead Plaintiffs and Defendants, Blackstone shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute among Lead Plaintiffs and Blackstone concerning its interpretation or application arises.  Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel.  Blackstone may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel postmarked on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last.  In the event that Blackstone serves a written notice of termination, Blackstone may withdraw its written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Eastern Time on the day prior

to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and counsel for Blackstone.

8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or ¶3.7 hereof, shall be refunded pursuant to written instructions from Defendants' counsel.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of August 23, 2013.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.22, 3.6-3.8, 7.2, 8.4-8.5 and 9.3-9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of August 23, 2013.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Distribution or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or Lead Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

9.    **Miscellaneous Provisions**

9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert or allege in any action, proceeding, or claim that any party hereto violated Rule 11 of the Federal Rules of Civil Procedure, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3    Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted

25

by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶8.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.8     Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution

of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses, Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.9    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.10    Lead Plaintiffs and Lead Counsel represent and warrant that none of the Lead Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.11    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.13    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.15    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.16    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

executed, and delivered, and to be wholly performed, in the State of New York, and the rights and

obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

governed by, the internal, substantive laws of the State of New York without giving effect to that

State's choice-of-law principles.

   IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

their duly authorized attorneys, dated August 28, 2013.

ROBBINS GELLER RUDMAN             SIMPSON THACHER & BARTLETT LLP
   & DOWD LLP

By:_____         By: _____
   Samuel H. Rudman                   Bruce D. Angiolillo
   Joseph Russello                    Jonathan K. Youngwood
58 South Service Road, Suite 200      Daniel Stujenske
Melville, New York  11747          425 Lexington Avenue
Telephone: (631) 367-7100          New York, New York  10017
srudman@rgrdlaw.com                Telephone: (212) 455-2000
jrussello@rgrdlaw.com              bangiolillo@stblaw.com
                                   jyoungwood@stblaw.com
                                   dstujenske@stblaw.com
      – and –

   Michael J. Dowd                 *Counsel for Defendants*
   Ellen Gusikoff Stewart
   Jonah H. Goldstein              BROWER PIVEN
   Robert R. Henssler, Jr.            A Professional Corporation
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058          By:_____
miked@rgrdlaw.com                     David A.P. Brower
jonahg@rgrdlaw.com                    Brian C. Kerr
bhenssler@rgrdlaw.com              475 Park Avenue South, 33rd Floor
                                   New York, New York  10016
                                   Telephone: (212) 501-9000
*Co-Lead Counsel for Plaintiffs*      brower@browerpiven.com
                                   kerr@browerpiven.com

                                   *Co-Lead Counsel for Plaintiffs*

9.16    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated August 28, 2013.

ROBBINS GELLER RUDMAN
   & DOWD LLP

By: _____
      Samuel H. Rudman
      Joseph Russello
58 South Service Road, Suite 200
Melville, New York 11747
Telephone: (631) 367-7100
srudman@rgrdlaw.com
jrussello@rgrdlaw.com

      – and –

   Michael J. Dowd
   Ellen Gusikoff Stewart
   Jonah H. Goldstein
   Robert R. Henssler, Jr.
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
miked@rgrdlaw.com
jonahg@rgrdlaw.com
bhenssler@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs*


SIMPSON THACHER & BARTLETT LLP

By: _____
      Bruce D. Angiolillo
      Jonathan K. Youngwood
      Daniel Stujenske
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
bangiolillo@stblaw.com
jyoungwood@stblaw.com
dstujenske@stblaw.com

*Counsel for Defendants*

BROWER PIVEN
   A Professional Corporation


By: _____
      David A.P. Brower
      Brian C. Kerr
475 Park Avenue South, 33rd Floor
New York, New York 10016
Telephone: (212) 501-9000
brower@browerpiven.com
kerr@browerpiven.com

*Co-Lead Counsel for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

LANDMEN PARTNERS INC., Individually     :     Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, :
                                        :     CLASS ACTION
                Plaintiff,              :
                                        :     [PROPOSED] ORDER PRELIMINARILY
        vs.                             :     APPROVING SETTLEMENT AND
                                        :     PROVIDING FOR NOTICE TO THE CLASS
THE BLACKSTONE GROUP L.P., et al.,      :
                                        :
                Defendants.             :
                                        :
———————————————————— x

   **WHEREAS**, an action is pending before this Court styled *Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, Civil Action No. 08-cv-03601-HB-FM ("Action");

   **WHEREAS**, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court entered an Order Granting Class Certification and Directing Notice to the Class, dated August 13, 2013 ("Class Certification Order"), certifying a class defined as follows:

   "Class" means all persons and entities (other than those persons and entities who timely and validly request exclusion from the Class in accordance with the requirements set forth herein) who purchased common units of Blackstone in Blackstone's initial public offering of such common units in the United States (the "IPO") or in the open market on the New York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchases of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933.

   Excluded from the Class are (i) Defendants; (ii) members of the immediate family of each of the Defendants; (iii) any entity that acted as an underwriter of the IPO; (iv) any natural person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded person (collectively, the "Excluded Persons").

   For the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers.

- 1 -

Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

WHEREAS, in the Class Certification Order, the Court appointed the firm of Gilardi & Co., LLC ("Gilardi") as Notice Administrator to execute the notice procedure, under the supervision of Class Counsel, set forth in the Class Certification Order;

WHEREAS, the trial of the Action was scheduled to commence on September 16, 2013;

WHEREAS, Lead Plaintiffs having made an unopposed application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated August 28, 2013 ("Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate to Class Members, subject to further consideration at the Settlement Hearing described below. THEREFORE, the preliminary approval motion is GRANTED.

2.      A hearing ("Settlement Hearing") shall be held before this Court on_____,

2013, at ____ m., at the Daniel Patrick Moynihan United States Courthouse, Courtroom 23B, 500

Pearl Street, New York, New York 10007, to determine whether the proposed Settlement of the

Action, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate

to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the

Stipulation should be entered; whether the proposed Plan of Distribution for the proceeds of the

Settlement is fair and reasonable, and should be approved by the Court; whether any applications by

Lead Counsel for attorneys' fees and payment of their expenses should be approved; whether Lead

Plaintiffs should receive payment of their time and expenses for their service to the Class; to hear

any objections by Class Members to the proposed Settlement, the proposed Plan of Distribution,

Lead Counsel's application for an award of attorneys' fees and payment of their expenses, Lead

Plaintiffs' application for reimbursement of their costs and expenses (including lost wages); and to

consider such other matters as the Court may deem appropriate.

3.      This Order supersedes that portion of the Class Certification Order concerning the

direction to provide Notice of Pendency to the Class and rescinds the direction, to the extent not

already accomplished, to mail that Notice.

4.      The Court approves, as to form and content, the Notice of Proposed Settlement of

Class Action ("Notice"), the Proof of Claim and Release form ("Proof of Claim"), and the Summary

Notice for publication, annexed as Exhibits A-1 to A-3 hereto, respectively, and finds that the

mailing and distribution of the Notice and publishing of the Summary Notice substantially in the

manner and form set forth in ¶¶5-6 of this Order meet the requirements of Fed. R. Civ. P. 23, the

Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private

Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

5.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the previously appointed Notice Administrator, Gilardi, as "Claims Administrator" to administer the notice procedure and the processing of claims as more fully set forth below, under the supervision of Lead Counsel:

(a)      Not later than seven (7) business days after the entry of this Order ("Notice Date"), Lead Counsel and/or Gilardi shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all potential Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(b)      Not later than five (5) business days after the Notice Date, Gilardi shall cause the Summary Notice, in substantially the form annexed as Exhibit A-3 hereto, to be published once in the national edition of *Investor's Business Daily* and three (3) times, at least three (3) business days apart each time, over the *Business Wire* or a similar national business-oriented newswire, with such publication completed no later than twenty-eight (28) days after the Notice Date; and

(c)      Not later than seven (7) days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.      Nominees who purchased Blackstone common units for the benefit of another Person during the period from June 21, 2007 through March 12, 2008, inclusive, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Blackstone common units within ten (10) days after receipt thereof, or send a list of the names and addresses of such

beneficial owners to Gilardi within ten (10) days of receipt thereof, in which event Gilardi shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

7.    Other than the cost of notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, and the cost of providing Blackstone's transfer records to Lead Counsel and/or the Claims Administrator, all fees, costs and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs or expenses except as otherwise provided in the Stipulation or herein.

8.    All members of the Class (except Persons who request exclusion pursuant to ¶11 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9.    Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than ninety (90) days from the Notice Date.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by Gilardi so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10.    Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for Blackstone a notice of such appearance no later than sixty (60) days from the Notice Date.  If they do not enter an appearance, they will be represented by Lead Counsel.

11.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to Gilardi a request for exclusion ("Request for Exclusion"), postmarked no later than sixty (60) days from the Notice Date.  A Request for Exclusion must be signed and state (a) the name, address, and day and night-time telephone numbers, and including a signature, of the Person requesting exclusion; (b) the Person's purchases and sales of Blackstone common units from June 21, 2007 through March 12, 2008, inclusive, including the dates, the number of common units of Blackstone purchased or sold, and price paid and received for each such purchase or sale; and (c) clearly stating that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

12.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within seven (7) business days prior to the Settlement Hearing.

13.    Any member of the Class may object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys'

fees and expenses should not be awarded to counsel for Lead Plaintiffs or to Lead Plaintiffs for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, any attorneys' fees and/or expenses to be awarded to Lead Counsel or any costs or expenses (including lost wages) awarded to Lead Plaintiffs, unless written objections and copies of all papers and briefs in support of such objections are filed with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, and are received by Joseph Russello of Robbins Geller Rudman & Dowd LLP, , 58 South Service Road, Suite 200, Melville, NY 11747; Brian C. Kerr of Brower Piven, A Professional Corporation, 475 Park Avenue South, 33rd Floor, New York, NY 10016; and Bruce D. Angiolillo of Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, on or before sixty (60) days from the Notice Date. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Lead Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.

14.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15.     All papers in support of the Settlement, Plan of Distribution, and the application by Lead Counsel or Lead Plaintiffs for attorneys' fees and expenses incurred in connection with the

prosecution of the Action shall be filed and served no later than thirty (30) days after the Notice Date and any reply papers shall be filed and served no later than seven (7) days prior to the Settlement Hearing.

16.    The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

18.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Stipulation.

19.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

20.    All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or

prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

21.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:  August __, 2013                    _____
                                           THE HONORABLE HAROLD BAER, JR.
                                           UNITED STATES DISTRICT JUDGE

# EXHIBIT A1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANDMEN PARTNERS, INC., Individually And On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>THE BLACKSTONE GROUP L.P., et. al.,<br><br>                              Defendants. | Civil Action No. 08-CV-03601-HB-FM |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

### ATTENTION PURCHASERS OF
### THE BLACKSTONE GROUP L.P. COMMON UNITS

**If you purchased The Blackstone Group L.P. ("Blackstone") common units in its initial public offering ("IPO") of such common units in the United States or in the open market on the New York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, you should read this Notice carefully as your rights may be affected**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2013.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of the proposed Settlement of this securities class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. The Settlement resolves the Class's claims asserted against all the Defendants. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

**Statement of Lead Plaintiffs' Recovery** – The proposed settlement (the "Settlement") creates a fund in the amount of Eighty-Five Million Dollars ($85,000,000) in cash and will include interest that accrues on the fund prior to distribution.  Based on the information currently available to Lead Plaintiffs and the analysis performed by their damage consultant, it is estimated that if Class Members submit claims for 100% of the common units eligible for distribution, the estimated average distribution per unit will be approximately $0.36 before deduction of Court-approved fees and expenses.  Historically, actual claims rates are less than 100%, which results in higher distributions per unit.  Your actual recovery from this fund will depend on a number of variables, including the number of claimants, the number of Blackstone common units you and they purchased, the number of Blackstone common units you and they sold, the expense of administering the claims process, and the timing of your purchases and sales, if any (see the Plan of Distribution below for a more detailed description of how the settlement proceeds will be allocated among Class Members).

**Statement of Potential Outcome of the Case** – Plaintiffs and Defendants disagree on the potential liability of Defendants and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to have prevailed at trial on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs suffered any injury. The issues on which the parties disagree include: (1) whether any Defendant engaged in any conduct subject to challenge under the federal securities laws; (2) whether any member of the Class has suffered compensable damages; (3) whether the price of Blackstone common units was not fair value by reason of the alleged misrepresentations, omissions, or otherwise; (4) whether the members of the Class were harmed by the conduct alleged in the Action; and (5) whether Defendants violated the Securities Act of 1933.

**Reasons for Settlement** – Lead Plaintiffs believe that the proposed settlement with Defendants is an excellent recovery and is in the best interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on their claims against Defendants, in which case the Class would receive nothing from Defendants.

**Further Information** – You may contact a representative of Lead Counsel for further details about the Settlement by accessing www.gilardi.com or www.BlackstoneIPOCase.com or by calling the following toll-free number: _____.  You may also contact a representative of Lead Counsel at the following email address: info@BlackstoneIPOCase.com.  Any written inquiries about the Action should be addressed to Lead Counsel at:

*Blackstone Securities Litigation*
c/o Gilardi & Co., LLC
Notice Administration
P.O. Box 8040
San Rafael, CA  94912-8040

**Statement of Attorneys' Fees and Costs Sought** – Lead Counsel have not received any payment for their services in prosecuting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have they been paid for their litigation expenses.

If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 33.33% of the settlement proceeds plus expenses not to exceed $_____, both to be paid from the Settlement Fund.

If the amounts requested by counsel are approved by the Court, the average cost per common unit would be approximately $0.___. In addition, the Lead Plaintiffs may seek reimbursement of their expenses incurred in prosecuting the Action on behalf of the Class in an amount not to exceed $15,000 each.

Lead Counsel have committed a substantial amount of time prosecuting claims on behalf of Lead Plaintiffs and the Class. In addition, Lead Counsel have not been reimbursed for any of their costs and expenses. The amounts requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel believes that the amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type.

## NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing ("Settlement Hearing") will be held on _____, 2013, at _____ .m., before the Honorable Harold Baer, Jr., United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, Courtroom 23B, 500 Pearl Street, New York, New York 10007. The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of Eighty-Five Million Dollars (U.S. $85,000,000) in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate to the Class; (2) whether the proposed plan to distribute the settlement proceeds ("Plan of Distribution") is fair and reasonable; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether Lead Plaintiffs should be reimbursed for their time and expenses incurred in prosecuting the Action; and (5) whether the Action should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## WHAT THIS LAWSUIT IS ABOUT

Generally, Lead Plaintiffs allege that Defendants violated the United States federal securities laws by misrepresenting and/or failing to disclose, in the offering documents associated with Blackstone's IPO (on or about June 21, 2007), material information regarding adverse facts, trends, developments or uncertainties facing investments in certain Blackstone-managed investment funds, which, in turn, were reasonably likely to have a material adverse impact on Blackstone's financial and/or operating condition. Lead Plaintiffs sought money damages for themselves and the other members of the Class. Defendants vigorously deny all of Lead Plaintiffs' allegations and assert that they are not liable to Plaintiffs or the Class. The Court has not decided whether Lead Plaintiffs or Defendants are right. Trial of this Action was scheduled to commence on September 16, 2013.

Pursuant to the Federal Rules of Civil Procedure, the Court has approved, or "certified," this case to proceed as a class action on behalf of a class of Blackstone investors and directed that this Notice is issued to Class Members. The Class certified by the Court is defined as all persons and

entities (other than those persons and entities who timely and validly request exclusion from the Class in accordance with the requirements set forth below) who purchased common units of Blackstone in Blackstone's IPO of such common units in the United States or in the open market on the New York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchases of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933. Excluded from the Class are (i) Defendants; (ii) members of the immediate family of each of the Defendants; (iii) any entity that acted as an underwriter of the IPO; (iv) any natural person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded person (collectively, the "Excluded Persons").

Please note that, for the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers. Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

By agreement of Lead Plaintiffs and Defendants and Order of the Court, Lead Plaintiffs' claims under Section 12(a)(2) of the Securities Act of 1933 were dismissed, with prejudice and without costs, on August 13, 2013. No class was certified by the Court to prosecute those claims on behalf of Class Members.

## WHAT IS A CLASS ACTION

In a class action, one or more persons sue on behalf of all people who have similar claims (*i.e.*, a class), the claims of all members of the class are decided in a single proceeding for all members of the class, and all members of the class that do not request to be excluded from the class before entry of judgment are bound by the outcome of the suit, whether favorable or unfavorable to all members of the class.

The Court decided that the lawsuit should proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in the United States federal courts, and the Court has appointed Martin Litwin and Francis Brady as the Class Representatives. The Court found that common questions of fact and law predominate over individual questions, that the Class Representatives' claims are typical of Class members' claims, that there are numerous Class Members, that the Class Representatives and their lawyers will fairly and adequately represent Class Members' interests, and that a class action is a fair, efficient, and superior way to resolve the claims in the lawsuit for investors. The Court also

4

appointed Lead Plaintiffs' counsel, the firms of Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation, as Co-Lead Counsel for the Class.

The Court's certification of the Class is not an expression of any opinion by the Court as to the merits of the claims of Lead Plaintiffs or any member of the Class.

## TERMS OF THE PROPOSED SETTLEMENT

The sum of U.S. $85,000,000.00 will be paid into escrow for the benefit of the Class.

The principal amount of $85,000,000, plus any accrued interest, constitutes the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted.

In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and for expenses in litigating the case, and to the Lead Plaintiffs for their time and expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Distribution described below to Class Members who submit valid and timely Proofs of Claim and Release forms.

## REASONS FOR THE PROPOSED SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and any potential appeals.  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation. Lead Plaintiffs and Lead Counsel also are aware of the defenses to the securities law violations and damages asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Lead Plaintiffs and the Class.

## PLAN OF DISTRIBUTION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proofs of Claim and Release forms ("Authorized Claimants") under the Plan of Distribution described below.   The Plan of Distribution provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss arising out of all transactions in Blackstone common units during the Class Period.   No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Distribution, Lead Counsel have consulted with their damages consultant. The Plan of

5

Distribution reflects an assessment of the damages that could have been recovered and Lead Counsel's assessment of the likelihood of establishing liability for various time during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in Blackstone common units during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

The Plan of Distribution is as follows:

(i)   For each common unit of Blackstone purchased between June 21, 2007 and June 24, 2007, inclusive, and sold on or before June 25, 2007, the recognized loss per unit shall be $0.

(ii)  For each common unit of Blackstone purchased between June 21, 2007 and June 25, 2007, inclusive, and:

   a. sold between June 26, 2007 and July 18, 2007, inclusive, the recognized loss per unit shall be the *lesser* of:

      i.   $0.25; *or*
      ii.  the difference between the purchase price per unit and the sales price per unit; or
      iii. the difference between $31.00 per unit and less the sales price per unit.

   b. sold between July 19, 2007 and November 11, 2007, inclusive, the recognized loss per unit shall be the *lesser* of:

      i.   $1.40; *or*
      ii.  the difference between the purchase price per unit and the sales price per unit; *or*
      iii. the difference between $31.00 per unit and the sales price per unit.

   c. sold between November 12, 2007 and January 7, 2008, inclusive, the recognized loss per unit shall be the *lesser* of:

6

      i.   $3.14; or

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

    iii.  the difference between $31.00 per unit and the sales price per unit.

d.  sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the *lesser* of:

      i.   $4.09; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

    iii.  the difference between $31.00 per unit and the sales price per unit.

e.  sold on or held after January 25, 2008, the recognized loss per unit is the *lesser* of:

      i.   $4.76; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

    iii.  the difference between $31.00 per unit and the sales price per unit.

(iii)    For each common unit of Blackstone purchased between June 26, 2007 and July 18, 2007, inclusive, and

a.  sold between July 19, 2007 and November 11, 2007, inclusive, the recognized loss per unit shall be the *lesser* of:

      i.   $1.15; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

    iii.  the difference between $31.00 per unit and the sales price per unit.

b.  sold between November 12, 2007 and January 7, 2008, inclusive, the recognized loss per unit shall be the *lesser* of:

      i.   $2.89; or

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

    iii.  the difference between $31.00 per unit and the sales price per unit.

c.  sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the *lesser* of:

    i.   $3.84; *or*

   ii.  the difference between the purchase price per unit and the sales price per unit; *or*

  iii.  the difference between $31.00 per unit and the sales price per unit.

d.  sold on or held after January 25, 2008,  recognized loss per unit is the ***lesser*** of:

    i.   $4.51; *or*

   ii.  the difference between the purchase price per unit and the sales price per unit; *or*

  iii.  the difference between $31.00 per unit and the sales price per unit.

(iv)    For each common unit of Blackstone purchased between July 19, 2007 and November 11, 2007, inclusive, and

a.  sold between November 12, 2007 and January 7, 2008, inclusive, the recognized loss per unit shall be the ***lesser*** of:

    i.   $1.74; *or*

   ii.  the difference between the purchase price per unit and the sales price per unit

b.  sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the ***lesser*** of

    i.   $2.69; *or*

   ii.  the difference between the purchase price per unit and the sales price per unit.

c.  sold on or held after January 25, 2008, the recognized loss per unit is the ***lesser*** of:

    i.   $3.36; *or*

   ii.  the difference between the purchase price per unit and the sales price per unit.

(v)    For each common unit of Blackstone purchased between November 12, 2007 and January 7, 2008, inclusive, and

a.  sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the ***lesser*** of:

      i.  $0.95; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit.

  b.  sold on or held after January 25, 2008,  the recognized loss per unit is the *lesser* of:

      i.  $1.62; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit.

(vi)   For each common unit of Blackstone purchased between January 8, 2008 and January 24, 2008, inclusive, and sold on or held after January 25, 2008, the recognized loss per unit is the *lesser* of:

      i.  $0.67; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit.

(vii)  For each common unit of Blackstone purchased between January 25, 2008 and March 12, 2008, inclusive, and sold on or held after January 26, 2008, the recognized loss per unit is zero.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.  The determination of the price paid per unit and the price received per unit, shall be exclusive of all commissions, taxes, fees, and charges.

For Class Members who made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim.  Under the FIFO method, sales of units during the Class Period will be matched, in chronological order, first against units held at the beginning of the Class Period. The remaining sales of units during the Class Period will then be matched, in chronological order, against units purchased during the Class Period.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

---

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

### RIGHT TO REMAIN IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice.  If you do not request to be excluded from the

Class, you will be bound by any judgment entered with respect to the Settlement in the litigation against Defendants whether or not you file a Proof of Claim and Release form.

If you are a Class Member, you do not need to do anything (other than timely file a Proof of Claim and Release, if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE THAT ACCOMPANIES THIS NOTICE.  The Proof of Claim and Release must be **postmarked on or before _____, 2013**, and be delivered to the Claims Administrator at the address below.  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payment(s) from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and Final Judgment.

### RIGHT TO APPEAR AND BE REPRESENTED BY YOUR OWN COUNSEL

The Court has appointed Lead Counsel, which are firms that have experience in the litigation of complex securities class actions, as counsel for the Class.  If you remain in the Class, you will be represented by those firms, Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation.  You will not be separately charged for the services of these lawyers in connection with their representation of the Class. The Court will determine the amount of any fees and expenses that may be awarded, out of the Settlement, to the lawyers appointed to represent the Class.

If you wish to be represented by your own lawyer, you may, at your own expense, hire an attorney to personally represent you with respect to whatever individual claim you may have.  In the event that you wish to hire your own counsel to represent you with respect to any individual claims you may have, any such attorney(s) must be admitted to practice before the United States District Court for the Southern District of New York and file a formal Notice of Appearance on your behalf on the Court's electronic filing system in this Action: *Landmen Partners Inc. v. The Blackstone Group, L.P. et al.*, Civil Action No. 08-03601-HB-FM.

You may appear personally to represent yourself without counsel and you do not need to be admitted to practice before the United States District Court for the Southern District of New York.  This is called appearing "pro se."  To appear on your own behalf without counsel, you must file a Notice of Appearance with the Clerk of the Court for the United States District Court for the Southern District of New York and deliver copies of such Notice of Appearance upon counsel for Lead Plaintiffs and Defendants, **no later than _____, 2013**.

Counsel for Lead Plaintiffs and Defendants are:

Joseph Russello  
ROBBINS GELLER RUDMAN & DOWD LLP  
58 South Service Road, Suite 200  
Melville, New York 11747

Bruce D. Angiolillo  
SIMPSON THACHER & BARTLETT LLP  
425 Lexington Avenue  
New York, New York 10017

*Co-Lead Counsel for Lead Plaintiffs*               *Counsel for Defendants*

If you wish to appear pro se, you are urged to contact the Pro Se Office for the United States District Court for the Southern District of New York to learn the procedures for doing so. The Pro Se Office is located at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10017.

## RIGHT TO REQUEST EXCLUSION FROM THE CLASS

You have the right to request to be excluded from the Class.

If you timely and properly request exclusion from the Class, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

If you timely and properly request exclusion from the Class, you will retain any rights you have to sue Defendants yourself with respect to the claims asserted in the Action to the extent those claims are viable under the statute of limitations applicable to claims under the Securities Act of 1933. You should note that, pursuant to a recent decision of the United States Court of Appeals for the Second Circuit, entitled *Police & Fire Ret. Sys. v. Indymac MBS, Inc.*, Docket Nos. 11-2998-cv(L), 11-3036-cv(CON) (2d Cir. 2013) (a copy of this decision may be reviewed at www.BlackstoneIPOCase.com), if you exclude yourself from the Class you may forfeit any claims you may have against Defendants related to Blackstone's IPO or your purchases of Blackstone common units between June 21, 2007 and March 12, 2008 under the Securities Act of 1933, because the 3-year statute of repose of the Securities Act of 1933 (which is 3 years from the date the common units were *bona fide* offered to the public) has otherwise expired. It is therefore possible that only members of the Class whose claims are tolled by virtue of their continuing membership in the Class are able to pursue those claims against Defendants under the law currently applicable to this Action. Before you decide to request exclusion from the Class, you are urged to consult your own counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Class.

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from this Action, *Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, Civil Action No. 08-03601-HB-FM. Your exclusion request letter must state your name, current address, your day-time and night-time telephone numbers, and include your signature; clearly state that you wish to be excluded from the Class in this Action; and set forth the number of Blackstone common units you purchased and/or sold between June 21, 2007 and March 12, 2008, inclusive, the dates of each of those purchases and/or sales and the prices paid and/or received for each of those purchases and/or sales.

Exclusion request letters must be sent by first class United States mail and postmarked **no later than _____, 2013**, to:

*Blackstone Securities Litigation*
c/o Gilardi & Co., LLC
Notice Administration

11

P.O. Box 8040
San Rafael, CA  94912-8040

## DISMISSALS AND RELEASES

If the proposed Settlement is approved, the Court will enter a final Judgment.  The Judgment will dismiss the Released Claims with prejudice as to all Defendants as provided in the Stipulation.

The Judgment will provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released Persons as provided in the Stipulation.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 33.33% of the Settlement Fund, plus litigation expenses not to exceed $_____, plus interest thereon.  In addition, Lead Plaintiffs may seek their costs and expenses (including lost wages) incurred in representing the Class in the Action, in an amount not to exceed $15,000 each.  Any such fees, expenses or costs allowed by the Court will be paid exclusively from the Settlement Fund and Class Members will not personally be liable for any such fees, expenses, or cost.

Lead Counsel have committed a substantial amount of time prosecuting claims on behalf of Lead Plaintiffs and the Class. To date, Lead Counsel have not received any payment for their services in prosecuting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have Lead Counsel received any payment for their expenses.  The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel believe that the amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type.

Lead Counsel may thereafter from time to time apply to the Court, without further notice to the Class, for an additional award of attorneys' fees and costs incurred in connection with administering the Settlement.

All such awards shall be subject to the approval of the Court.

## CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. Pending the Court's consideration of this Settlement, the Court has stayed all proceedings, and Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the Settling Parties to the Stipulation will be restored to their respective positions as of August 23, 2013.

## THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Class Member who has not *validly* and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or the application for reimbursement of the Lead Plaintiffs' costs and expenses, may appear and be heard at the Settlement Hearing.

Lead Plaintiffs' papers in support of these matters will be filed with the Court on or before _____, 2013, and available for inspection by Class Members at the following website, www.BlackstoneIPOCase.com, or during normal business hours at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

Any such Person who wishes to object to any aspect of the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or the application for reimbursement of the Lead Plaintiffs' costs and expenses, and/or be heard at the Settlement Hearing, *must* file written objections, along with *all* papers and briefs supporting any such objection, with the Court and all such papers must be received by counsel for the parties (listed below) **no later than** _____, 2013:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, New York 11747

BROWER PIVEN
   A PROFESSIONAL CORPORATION
DAVID A.P. BROWER
475 Park Avenue South, 33rd Floor
New York, New York 10016

*Counsel for Lead Plaintiffs and the Class*

SIMPSON THACHER & BARTLETT LLP
BRUCE D. ANGIOLILLO

13

425 Lexington Avenue
New York, New York 10017

*Counsel for Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of Blackstone common units purchased and sold during the Class Period, and contain a statement of the reasons for objection. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Failure to fully comply with the foregoing procedures will result in a waiver of such objection and the objecting Person will be foreclosed from making any objection or being heard at the Settlement Hearing regarding the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or the application for reimbursement of the Lead Plaintiffs' costs and expenses.

## FURTHER INFORMATION

This Action has been pending for over five years. The foregoing information is only a summary to assist you in making a decision regarding how you will exercise your rights as a Class Member. To further assist you, additional information about this Action, including Lead Plaintiffs' Consolidated Amended Class Action Complaint For Violations of Federal Securities Laws, Answer of Defendants to the Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws, the District Court's order granting Defendants' motion to dismiss the Action, dated September 22, 2009, and the Second Circuit Court of Appeals decision reversing the dismissal of the Action dated February 10, 2011, are available for your review at www.BlackstoneIPOCase.com.

Additionally, should you have any questions about this Notice, the Action or your rights as a Class Member, you can obtain further information by writing to: Joseph Russello at Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, New York 11747, or Brian C. Kerr at Brower Piven, A Professional Corporation, 33rd Floor, 475 Park Avenue South, New York, NY 10016, or by emailing your inquiry to www.BlackstoneIPOCase.com.

PLEASE DO NOT CONTACT THE COURT, JUDGE BAER OR THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. ALL INQUIRIES SHOULD BE DIRECTED TO LEAD PLAINTIFFS' COUNSEL.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you are a bank, broker or other entity who purchased Blackstone common units in the IPO or in the open market on the New York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, as nominee for a beneficial owner, then within five (5) calendar days after you receive this Notice, you must either: (a) provide a list of the names and addresses of such beneficial owners to the Notice Administrator; or (b) send a copy of this Notice by first class mail to all such beneficial owners (you may request additional copies of this Notice by

14

contacting the Claims Administrator): *Blackstone Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, California 94912-8040.

By Order of the Court
United States District Court
Southern District of New York

# EXHIBIT A2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
————————————————————————— x
LANDMEN PARTNERS INC., Individually      :    Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, :
                                         :    CLASS ACTION
                    Plaintiff,           :
                                         :    PROOF OF CLAIM AND RELEASE
        vs.                              :
                                         :
THE BLACKSTONE GROUP L.P., et al.,       :
                                         :
                    Defendants.          :
                                         :
————————————————————————— x
```

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the action entitled *Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, Civil Action No. 08-cv-03601-HB-FM (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2013, ADDRESSED AS FOLLOWS:

*Landmen Partners Inc. v. The Blackstone Group L.P., et al.*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 8040

- 1 -

San Rafael, CA  94912-8040

If you are NOT a member of the Class (as defined in the Notice of Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

     4.     If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     CLAIMANT IDENTIFICATION

     If you purchased common units of The Blackstone Group L.P. ("Blackstone") and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Blackstone common units and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

     Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Blackstone common units which forms the basis of this claim.  THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE BLACKSTONE COMMON UNITS UPON WHICH THIS CLAIM IS BASED.

     All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be

used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at 1-888-283-8021 or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Blackstone Common Units" to supply all required details of your transaction(s) in Blackstone common units. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of Blackstone common units which took place at any time between June 21, 2007 and the date on which you sign this form, inclusive (the "Relevant Period"), and *all* of your sales of Blackstone common units which took place at any time during the Relevant Period, whether such

transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to **all** of the Blackstone common units you held on the date on which you sign this form. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Relevant Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Blackstone common units.  The date of a "short sale" is deemed to be the date of sale of Blackstone common units.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Blackstone common units should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Landmen Partners Inc. v. The Blackstone Group L.P., et al.*

Civil Action No. 08-cv-03601-HB-FM

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2013

<u>Please Type or Print</u>

PART I:      CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                     State or Province

_____        _____

Zip Code or Postal Code                  Country

_____   _____   Individual

Social Security Number or          _____   Corporation/Other
Taxpayer Identification Number

_____   _____

Area Code          Telephone Number (work)

_____   _____

Area Code          Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:       SCHEDULE OF TRANSACTIONS IN BLACKSTONE COMMON UNITS

    A.     Purchases of Blackstone common units made during the time period June 21, 2007 through and including the date on which you sign this form:

| Trade Date<br>Mo. Day Year | Number of Common Units Purchased | Total Purchase Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

        IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

    B.     Sales of Blackstone common units during the time period June 21, 2007 through and including the date on which you sign this form.

| Trade Date<br>Mo. Day Year | Number of Common Units Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

    C.     Number of Blackstone common units held at the close of trading on the date that you sign this form: _____.

    If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**    YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

    I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern

District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Blackstone securities, such as options) if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Blackstone common units during the Relevant Period and know of no other person having done so on my (our) behalf.

**V.   RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Stipulation.

2.    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, underwriters (including Morgan Stanley & Co. Incorporated, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Credit Suisse Securities (USA) LLC, Lehman Brothers Inc., Deutsche Bank Securities Inc., ABN AMRO Rothschild LLC, Banc of America Securities LLC, Bear, Stearns & Co. Inc., Goldman, Sachs & Co., J.P. Morgan Securities Inc., Lazard Capital Markets LLC, UBS Securities LLC, Wachovia Capital Markets, LLC, Nikko Citigroup Limited, Skandinaviska Enskilda Banken AB (publ), and Wells Fargo Securities, LLC), representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or

- 7 -

their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

3.    "Released Claims" means any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Action or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, arising from both the purchase of Blackstone common units during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Lead Plaintiffs in the Action (the "Release").  This Release extends to any and/or all Defendants and any and/or all of their Related Persons. "Released Claims" includes "Unknown Claims" as defined in paragraph 5 below.

4.    "Released Persons" means each and all of Defendants in their individual and corporate capacities and each and all of their Related Persons.

5.    "Stipulation" means the Settlement Agreement, dated August 28, 2013, made and entered into by and among Lead Plaintiffs and Defendants.

6.    "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object

to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and

agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members

shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest

extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which

provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by

operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits

conferred by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiffs and

Class Members may hereafter discover facts in addition to or different from those which he, she or it

now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead

Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have,

and by operation of the Judgment shall have, fully, finally, and forever settled and released any and

all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to,

conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule,

without regard to the subsequent discovery or existence of such different or additional facts.  Lead

Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to

have acknowledged, that the foregoing waiver was separately bargained for and a key element of the

Settlement of which this release is a part.

- 9 -

7.     This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

8.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Blackstone common units which occurred during the Relevant Period as well as the number of shares of Blackstone common units held by me (us) at the close of trading on the date on which I (we) signed this form.

10.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                                    (Month/Year)

in _____
          (City)                              (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)

- 10 -

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the above release and declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original common unit certificates.

4.   Keep a copy of your claim form for your records.

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send us your new address.

# EXHIBIT A3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

LANDMEN PARTNERS INC., Individually       :       Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, :

                                           :       CLASS ACTION

                    Plaintiff,             :
                                           :       SUMMARY NOTICE
                                           :
          vs.                              :
                                           :
                                           :
THE BLACKSTONE GROUP L.P., et al.,         :
                                           :
                    Defendants.            :
                                           :
———————————————————— x

TO:     ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON UNITS OF THE
        BLACKSTONE GROUP L.P. ("BLACKSTONE") IN ITS INITIAL PUBLIC OFFERING
        OF SUCH COMMON UNITS IN THE UNITED STATES OR IN THE OPEN MARKET
        ON THE NEW YORK STOCK EXCHANGE BETWEEN JUNE 21, 2007 AND MARCH
        12, 2008, INCLUSIVE

        YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District
Court for the Southern District of New York, a hearing will be held on _____, 2013, at ____
_.m., before the Honorable Harold Baer, Jr., at the Daniel Patrick Moynihan United States
Courthouse, Courtroom 23B, 500 Pearl Street, New York, New York 10007, for the purposes of
determining: (1) whether the proposed settlement of this securities class action ("Action") for the
sum of.$85,000,000 (U.S.) in cash should be approved by the Court as fair, reasonable, and
adequate; (2) whether, thereafter, this Action should be dismissed with prejudice against Defendants,
as set forth in the Settlement Agreement, dated August 28, 2013; (3) whether the Plan of Distribution
of settlement proceeds is fair and reasonable, and therefore should be approved; (4) whether the
application by Lead Counsel for an award of attorneys' fees and expenses incurred in connection
with prosecution of the Action, together with interest thereon, should be granted; and (5) whether the
Court should approve an award to the Lead Plaintiffs for their costs and expenses (including lost
wages) incurred in representing the Class.

        If you purchased Blackstone common units in its initial public offering of such common units
in the United States or in the open market on the New York Stock Exchange between June 21, 2007
and March 12, 2008, inclusive, your rights may be affected by this Action and the settlement thereof.
If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the
Proof of Claim and Release form, you may obtain copies by writing to *Blackstone Securities
Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-
8040, or by downloading this information at www.gilardi.com or www.BlackstoneIPOCase.com,
where you can obtain additional information about this Settlement and the Action. If you are a Class
Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of
Claim and Release form *postmarked no later than* _____*, 2013*, establishing that you are
entitled to a recovery. You will be bound by any judgment rendered in the Action unless you request
to be excluded, in writing, to the above address, *postmarked by* _____*, 2013.*

- 1 -

Any objection to any aspect of the Settlement, Plan of Distribution, request for an award of attorneys' fees and reimbursement of expesnes to Lead Counsel and/or the application for reminbursement of costs and expenses to Lead Plaintiffs, must be filed, with all supporting papers and documentation, with the Clerk of the Court *no later than* _____, *2013*, and received by the following *no later than* _____, *2013*:

> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> SAMUEL H. RUDMAN
> JOSEPH RUSSELLO
> 58 South Service Road, Suite 200
> Melville, New York  11747
>
> BROWER PIVEN
>  A PROFESSIONAL CORPORATION
> DAVID A.P. BROWER
> BRIAN C. KERR
> 475 Park Avenue South, 33rd Floor
> New York, New York  10016
>
> *Counsel for Lead Plaintiffs and the Class*
>
> SIMPSON THACHER & BARTLETT LLP
> BRUCE D. ANGIOLILLO
> JONATHAN K. YOUNGWOOD
> 425 Lexington Avenue
> New York, New York  10017-3954
>
> *Counsel for Defendants*

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

**THIS IS ONLY A SUMMARY NOTICE. IF YOU BELIEVE YOU MAY BE A MEMBER OF THE CLASS, YOU ARE URGED TO OBTAIN A COPY OF THE FULL NOTICE, WHICH IS ACCESSIBLE AT** WWW.GILARDI.COM **OR** WWW.BLACKSTONEIPOCASE.COM**, OR BY CALLING** 1-888-283-8021**.**

DATED: _____, 2013    BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

LANDMEN PARTNERS INC., Individually
and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

THE BLACKSTONE GROUP L.P., et al.,

Defendants.

———————————————————————— x

Civil Action No. 08-cv-03601-HB-FM

<u>CLASS ACTION</u>

[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving

Settlement and Providing for Notice to the Class ("Notice Order") dated _____, 2013, on the

unopposed application of Lead Plaintiffs for approval of the Settlement set forth in the Settlement

Agreement, dated  August 28, 2013 ("Stipulation"), and following a hearing on _____, 2013.

Due and adequate notice having been given to the Class as required in said Order, and the Court

having considered all papers filed and proceedings had herein and otherwise being fully informed in

the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      This Final Judgment incorporates by reference the definitions in the Stipulation, and

all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise

set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling

Parties to the Action, including all members of the Class.

3.      For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, the

Class is defined as all Persons who purchased the common units of The Blackstone Group L.P.

("Blackstone") in Blackstone's initial public offering ("IPO") or in the open market on the New

York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchase of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933.

Excluded from the Class are: (i) Persons who submitted valid and timely requests for exclusion from the Class (listed on Exhibit A hereto); (ii) Defendants; (iii) members of the immediate family of each of the Defendants; (iv) any Person that acted as an underwriter of the IPO; (v) any natural Person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded Person (collectively, "Excluded Persons").

For the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers.  Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

4.      For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, Lead Plaintiffs Martin Litwin and Francis Brady are Class Representatives, and Lead Counsel

Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation, are Class Counsel.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. [All objection(s) to the proposed Settlement, if any, is/are overruled in its/their entirety as factually and legally without merit.]

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Class Members shall, be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, Lead Counsel and Abraham Fruchter & Twersky LLP from all claims (including, without

limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

10.     Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11.     Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

12.     The Notice of Proposed Settlement of Class Action ("Notice") given to the Class in accordance with the Notice Order, entered on _____, 2013, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort, of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, the proposed Plan of Distribution of the proceeds of the Settlement set forth in the Notice, Lead Counsel's application for attorneys' fees and reimbursement of expenses, and Lead Plaintiffs' request for an award of reasonable costs and expenses relating to their representation of the Class, and said Notice and notice procedures fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process. [All objection(s) to the Notice and/or notice procedures, if any, is/are hereby overruled in its/their entirety as factually and legally without merit.]

13.     The Court hereby approves the Plan of Distribution as set forth in the Notice as fair and equitable, and overrules all objections to the Plan of Distribution, if any, in their entirety. The Court directs Lead Counsel to proceed with processing Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Distribution and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Class Members, as provided in the Stipulation and the Plan of Distribution.  [All objection(s) to the Plan of Distribution, if any, is/are hereby overruled in its/their entirety as factually and legally without merit.]

14.     The Court hereby awards Lead Counsel attorneys' fees equal to _____% percent of the Settlement Fund (including interest accrued thereon), and litigation expenses in the amount of $_____, with interest to accrue thereon at the same rate and for the same

periods as has accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Counsel as provided in the Stipulation. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed and costs incurred by Lead Counsel; (b) the complexity of the case; (c) the risks undertaken by Lead Counsel and the contingent nature of their employment; (d) the quality of the work performed by Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Class Members through the Settlement; and (g) the absence of [any/a significant number of] objection[s] from [any] Class Members to either the application for an award of attorneys' fees or expenses to Lead Counsel. [All objection(s) to Lead Counsel's application for an award of attorneys' fees, if any, is/are overruled in its/their entirety as factually and legally without merit.]

15.     The Court also finds that the requested expenses are proper as the expenses incurred by Lead Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members. [All objection(s) to Lead Counsel's application for reimbursement of their expenses, if any, is/are overruled in its/their entirety as factually and legally without merit.]

16.     The Court approves payment of $_____ to Lead Plaintiff Martin Litwin and $_____ to Lead Plaintiff Francis Brady, for their reasonable time and expenses (including lost wages) relating to their representation of the Class. Such payments shall be paid out of the Settlement Fund. [All objection(s) to Lead Plaintiffs' application for reimbursement of their costs and expenses, if any, is/are overruled in its/their entirety as factually and legally without merit.]

17.     All fees and expenses awarded or allowed in this Judgment shall, except as otherwise expressly provided in the Stipulation, be paid from the Settlement Fund.

18.     Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members which, except as expressly provided in the Stipulation, shall be paid from the Settlement Fund.

19.     Neither appellate review nor modification of the Plan of Distribution set forth in the Notice, nor any action in regard to the motion by Lead Counsel for attorneys' fees and/or expenses and the award of costs and expenses to Lead Plaintiffs, shall affect the finality of any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

20.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and/or the Released Persons may file the Stipulation and/or this Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) payment of taxes by the Settlement Fund; (e) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of proceeds of the Settlement.

22.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

25.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____     _____
                                   THE HONORABLE HAROLD BAER, JR.
                                   UNITED STATES DISTRICT JUDGE

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2013, I served true and correct copies of the foregoing

Settlement Agreement on Defendants' counsel by causing copies to be sent by email.


*/s/ David A.P. Brower*
David A.P. Brower
