USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x

LANDMEN PARTNERS INC., Individually  :  Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, :
                                    :  CLASS ACTION
            Plaintiff,              :
                                    :  [PROPOSED] ORDER PRELIMINARILY
    vs.                             :  APPROVING SETTLEMENT AND
                                    :  PROVIDING FOR NOTICE TO THE CLASS
THE BLACKSTONE GROUP L.P., et al.,  :
                                    :
            Defendants.             :
                                    :
—————————————————— x

**WHEREAS**, an action is pending before this Court styled *Landmen Partners Inc. v. The*

*Blackstone Group L.P., et al.*, Civil Action No. 08-cv-03601-HB-FM ("Action");

**WHEREAS**, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court entered

an Order Granting Class Certification and Directing Notice to the Class, dated August 13, 2013

("Class Certification Order"), certifying a class defined as follows:

> "Class" means all persons and entities (other than those persons and entities who
> timely and validly request exclusion from the Class in accordance with the
> requirements set forth herein) who purchased common units of Blackstone in
> Blackstone's initial public offering of such common units in the United States (the
> "IPO") or in the open market on the New York Stock Exchange between June 21,
> 2007 and March 12, 2008, inclusive, and who sustained compensable damages in
> connection with any such purchases of Blackstone units pursuant to Sections 11 and
> 15 of the Securities Act of 1933.
>
> Excluded from the Class are (i) Defendants; (ii) members of the immediate family of
> each of the Defendants; (iii) any entity that acted as an underwriter of the IPO; (iv)
> any natural person who sold Blackstone common units to the public in the IPO or
> who serves or served as an officer or director of Blackstone or as a partner of any
> predecessor to Blackstone, the members of the immediate families of any such
> persons, and any entity in which any of Defendants have or had a controlling interest;
> and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or
> assigns of any such excluded person (collectively, the "Excluded Persons").
>
> For the avoidance of doubt, the Excluded Persons are excluded from the Class only
> to the extent they purchased Blackstone common units in the IPO for their own
> account and not for or on behalf of a third-party customer or for resale to customers.

Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

**WHEREAS**, in the Class Certification Order, the Court appointed the firm of Gilardi & Co., LLC ("Gilardi") as Notice Administrator to execute the notice procedure, under the supervision of Class Counsel, set forth in the Class Certification Order;

**WHEREAS**, the trial of the Action was scheduled to commence on September 16, 2013;

**WHEREAS**, Lead Plaintiffs having made an unopposed application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated August 28, 2013 ("Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

**WHEREAS**, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate to Class Members, subject to further consideration at the Settlement Hearing described below. THEREFORE, the preliminary approval motion is GRANTED.

2.      A hearing ("Settlement Hearing") shall be held before this Court on December 18, 2013, at 11:00 a.m., at the Daniel Patrick Moynihan United States Courthouse, Courtroom 23B, 500 Pearl Street, New York, New York 10007, to determine whether the proposed Settlement of the Action, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Distribution for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court; whether any applications by Lead Counsel for attorneys' fees and payment of their expenses should be approved; whether Lead Plaintiffs should receive payment of their time and expenses for their service to the Class; to hear any objections by Class Members to the proposed Settlement, the proposed Plan of Distribution, Lead Counsel's application for an award of attorneys' fees and payment of their expenses, Lead Plaintiffs' application for reimbursement of their costs and expenses (including lost wages); and to consider such other matters as the Court may deem appropriate.

3.      This Order supersedes that portion of the Class Certification Order concerning the direction to provide Notice of Pendency to the Class and rescinds the direction, to the extent not already accomplished, to mail that Notice.

4.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action ("Notice"), the Proof of Claim and Release form ("Proof of Claim"), and the Summary Notice for publication, annexed as Exhibits A-1 to A-3 hereto, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Act of 1933, 15 U.S.C. §77z-1, including the Private Securities Litigation Reform Act of

1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

5.     Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the previously appointed Notice Administrator, Gilardi, as "Claims Administrator" to administer the notice procedure and the processing of claims as more fully set forth below, under the supervision of Lead Counsel:

(a)     Not later than seven (7) business days after the entry of this Order ("Notice Date"), Lead Counsel and/or Gilardi shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all potential Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(b)     Not later than five (5) business days after the Notice Date, Gilardi shall cause the Summary Notice, in substantially the form annexed as Exhibit A-3 hereto, to be published once in the national edition of *Investor's Business Daily* and three (3) times, at least three (3) business days apart each time, over the *Business Wire* or a similar national business-oriented newswire, with such publication completed no later than twenty-eight (28) days after the Notice Date; and

(c)     Not later than seven (7) days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing, which affidavit or declaration shall also address the claims processing procedure, including the process for handling late claims.

6.     Nominees who purchased Blackstone common units for the benefit of another Person during the period from June 21, 2007 through March 12, 2008, inclusive, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Blackstone common

- 4 -

units within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to Gilardi within ten (10) days of receipt thereof, in which event Gilardi shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

7.       Other than the cost of notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, and the cost of providing Blackstone's transfer records to Lead Counsel and/or the Claims Administrator, all fees, costs and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs or expenses except as otherwise provided in the Stipulation or herein.

8.       All members of the Class (except Persons who request exclusion pursuant to ¶11 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9.       Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than ninety (90) days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have

- 5 -

the discretion to accept late-submitted claims for processing by Gilardi so long as distribution of the Net Settlement Fund is not materially delayed thereby.

        10.    Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for Blackstone a notice of such appearance no later than sixty (60) days from the Notice Date.  If they do not enter an appearance, they will be represented by Lead Counsel.

        11.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to Gilardi a request for exclusion ("Request for Exclusion"), postmarked no later than sixty (60) days from the Notice Date.  A Request for Exclusion must be signed and state (a) the name, address, and day and night-time telephone numbers, and including a signature, of the Person requesting exclusion; (b) the Person's purchases and sales of Blackstone common units from June 21, 2007 through March 12, 2008, inclusive, including the dates, the number of common units of Blackstone purchased or sold, and price paid and received for each such purchase or sale; and (c) clearly stating that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

        12.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within seven (7) business days prior to the Settlement Hearing.

13.     Any member of the Class may object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs or to Lead Plaintiffs for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, any attorneys' fees and/or expenses to be awarded to Lead Counsel or any costs or expenses (including lost wages) awarded to Lead Plaintiffs, unless written objections and copies of all papers and briefs in support of such objections are filed with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, and are received by Joseph Russello of Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; Brian C. Kerr of Brower Piven, A Professional Corporation, 475 Park Avenue South, 33rd Floor, New York, NY 10016; and Bruce D. Angiolillo of Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, on or before sixty (60) days from the Notice Date.  Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Lead Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All papers in support of the Settlement, Plan of Distribution, and the application by Lead Counsel or Lead Plaintiffs for attorneys' fees and expenses incurred in connection with the prosecution of the Action shall be filed and served no later than thirty (30) days after the Notice Date and any reply papers shall be filed and served no later than seven (7) days prior to the Settlement Hearing.

16. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or

any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

20.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

21.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: August 30 2013

_____
THE HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE

- 9 -

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANDMEN PARTNERS, INC., Individually
And On Behalf of All Others Similarly
Situated,

                                    **Plaintiff,**
         vs.                                                    Civil Action No. 08-CV-03601-HB-FM

THE BLACKSTONE GROUP L.P., et. al.,

                                    **Defendants.**

---

# NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

## ATTENTION PURCHASERS OF
## THE BLACKSTONE GROUP L.P. COMMON UNITS

**If you purchased The Blackstone Group L.P. ("Blackstone") common units in
its initial public offering ("IPO") of such common units in the United States or
in the open market on the New York Stock Exchange between June 21, 2007
and March 12, 2008, inclusive, you should read this Notice carefully as your
rights may be affected**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS
MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF
YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE
PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR
SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND
RELEASE FORM **POSTMARKED ON OR BEFORE DECEMBER 10, 2013**.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and
an Order of the United States District Court for the Southern District of New York (the "Court").
The purpose of this Notice is to inform you of the proposed Settlement of this securities class
action litigation and of the hearing to be held by the Court to consider the fairness,
reasonableness, and adequacy of the Settlement.  The Settlement resolves the Class's claims
asserted against all the Defendants.  This Notice describes the rights you may have in connection
with the Settlement and what steps you may take in relation to the Settlement and this class
action litigation.

1

**Statement of Lead Plaintiffs' Recovery** – The proposed settlement (the "Settlement") creates a fund in the amount of Eighty-Five Million Dollars ($85,000,000) in cash and will include interest that accrues on the fund prior to distribution. Based on the information currently available to Lead Plaintiffs and the analysis performed by their damage consultant, it is estimated that if Class Members submit claims for 100% of the common units eligible for distribution, the estimated average distribution per unit will be approximately $0.36 before deduction of Court-approved fees and expenses. Historically, actual claims rates are less than 100%, which results in higher distributions per unit. Your actual recovery from this fund will depend on a number of variables, including the number of claimants, the number of Blackstone common units you and they purchased, the number of Blackstone common units you and they sold, the expense of administering the claims process, and the timing of your purchases and sales, if any (see the Plan of Distribution below for a more detailed description of how the settlement proceeds will be allocated among Class Members).

**Statement of Potential Outcome of the Case** – Plaintiffs and Defendants disagree on the potential liability of Defendants and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to have prevailed at trial on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs suffered any injury. The issues on which the parties disagree include: (1) whether any Defendant engaged in any conduct subject to challenge under the federal securities laws; (2) whether any member of the Class has suffered compensable damages; (3) whether the price of Blackstone common units was not fair value by reason of the alleged misrepresentations, omissions, or otherwise; (4) whether the members of the Class were harmed by the conduct alleged in the Action; and (5) whether Defendants violated the Securities Act of 1933.

**Reasons for Settlement** – Lead Plaintiffs believe that the proposed settlement with Defendants is an excellent recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on their claims against Defendants, in which case the Class would receive nothing from Defendants.

**Further Information** – You may contact a representative of Lead Counsel for further details about the Settlement by accessing www.gilardi.com or www.BlackstoneIPOCase.com or by calling the following toll-free number: 1-888-283-8021. You may also contact a representative of Lead Counsel at the following email address: info@BlackstoneIPOCase.com. Any written inquiries about the Action should be addressed to Lead Counsel at:

*Blackstone Securities Litigation*
c/o Gilardi & Co., LLC
Notice Administration
P.O. Box 8040
San Rafael, CA 94912-8040

**Statement of Attorneys' Fees and Costs Sought** – Lead Counsel have not received any payment for their services in prosecuting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have they been paid for their litigation expenses.

2

If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 33.33% of the settlement proceeds plus expenses not to exceed $2,000,000.00, both to be paid from the Settlement Fund.

If the amounts requested by counsel are approved by the Court, the average cost per common unit would be approximately $0.126. In addition, the Lead Plaintiffs may seek reimbursement of their expenses incurred in prosecuting the Action on behalf of the Class in an amount not to exceed $15,000 each.

Lead Counsel have committed a substantial amount of time prosecuting claims on behalf of Lead Plaintiffs and the Class. In addition, Lead Counsel have not been reimbursed for any of their costs and expenses. The amounts requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel believes that the amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type.

## NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing ("Settlement Hearing") will be held on December 18, 2013, at 11:00 a.m., before the Honorable Harold Baer, Jr., United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, Courtroom 23B, 500 Pearl Street, New York, New York 10007. The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of Eighty-Five Million Dollars (U.S. $85,000,000) in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate to the Class; (2) whether the proposed plan to distribute the settlement proceeds ("Plan of Distribution") is fair and reasonable; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether Lead Plaintiffs should be reimbursed for their time and expenses incurred in prosecuting the Action; and (5) whether the Action should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## WHAT THIS LAWSUIT IS ABOUT

Generally, Lead Plaintiffs allege that Defendants violated the United States federal securities laws by misrepresenting and/or failing to disclose, in the offering documents associated with Blackstone's IPO (on or about June 21, 2007), material information regarding adverse facts, trends, developments or uncertainties facing investments in certain Blackstone-managed investment funds, which, in turn, were reasonably likely to have a material adverse impact on Blackstone's financial and/or operating condition. Lead Plaintiffs sought money damages for themselves and the other members of the Class. Defendants vigorously deny all of Lead Plaintiffs' allegations and assert that they are not liable to Plaintiffs or the Class. The Court has not decided whether Lead Plaintiffs or Defendants are right. Trial of this Action was scheduled to commence on September 16, 2013.

Pursuant to the Federal Rules of Civil Procedure, the Court has approved, or "certified," this case to proceed as a class action on behalf of a class of Blackstone investors and directed that this Notice is issued to Class Members. The Class certified by the Court is defined as all persons and

entities (other than those persons and entities who timely and validly request exclusion from the Class in accordance with the requirements set forth below) who purchased common units of Blackstone in Blackstone's IPO of such common units in the United States or in the open market on the New York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchases of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933. Excluded from the Class are (i) Defendants; (ii) members of the immediate family of each of the Defendants; (iii) any entity that acted as an underwriter of the IPO; (iv) any natural person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded person (collectively, the "Excluded Persons").

Please note that, for the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers. Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

By agreement of Lead Plaintiffs and Defendants and Order of the Court, Lead Plaintiffs' claims under Section 12(a)(2) of the Securities Act of 1933 were dismissed, with prejudice and without costs, on August 13, 2013. No class was certified by the Court to prosecute those claims on behalf of Class Members.

## WHAT IS A CLASS ACTION

In a class action, one or more persons sue on behalf of all people who have similar claims (*i.e.*, a class), the claims of all members of the class are decided in a single proceeding for all members of the class, and all members of the class that do not request to be excluded from the class before entry of judgment are bound by the outcome of the suit, whether favorable or unfavorable to all members of the class.

The Court decided that the lawsuit should proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in the United States federal courts, and the Court has appointed Martin Litwin and Francis Brady as the Class Representatives. The Court found that common questions of fact and law predominate over individual questions, that the Class Representatives' claims are typical of Class members' claims, that there are numerous Class Members, that the Class Representatives and their lawyers will fairly and adequately represent Class Members' interests, and that a class action is a fair, efficient, and superior way to resolve the claims in the lawsuit for investors. The Court also

appointed Lead Plaintiffs' counsel, the firms of Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation, as Co-Lead Counsel for the Class.

The Court's certification of the Class is not an expression of any opinion by the Court as to the merits of the claims of Lead Plaintiffs or any member of the Class.

## TERMS OF THE PROPOSED SETTLEMENT

The sum of U.S. $85,000,000.00 will be paid into escrow for the benefit of the Class.

The principal amount of $85,000,000, plus any accrued interest, constitutes the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted.

In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and for expenses in litigating the case, and to the Lead Plaintiffs for their time and expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Distribution described below to Class Members who submit valid and timely Proofs of Claim and Release forms.

## REASONS FOR THE PROPOSED SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and any potential appeals.  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation. Lead Plaintiffs and Lead Counsel also are aware of the defenses to the securities law violations and damages asserted in the Action.  Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Lead Plaintiffs and the Class.

## PLAN OF DISTRIBUTION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proofs of Claim and Release forms ("Authorized Claimants") under the Plan of Distribution described below.  The Plan of Distribution provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss arising out of all transactions in Blackstone common units during the Class Period.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Distribution, Lead Counsel have consulted with their damages consultant. The Plan of

5

Distribution reflects an assessment of the damages that could have been recovered and Lead Counsel's assessment of the likelihood of establishing liability for various time during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in Blackstone common units during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

The Plan of Distribution is as follows:

(i)     For each common unit of Blackstone purchased between June 21, 2007 and June 24, 2007, inclusive, and sold on or before June 25, 2007, the recognized loss per unit shall be $0.

(ii)    For each common unit of Blackstone purchased between June 21, 2007 and June 25, 2007, inclusive, and:

    a.  sold between June 26, 2007 and July 18, 2007, inclusive, the recognized loss per unit shall be the *lesser* of:

        i.  $0.25; *or*
        ii.  the difference between the purchase price per unit and the sales price per unit; or
        iii.  the difference between $31.00 per unit and less the sales price per unit.

    b.  sold between July 19, 2007 and November 11, 2007, inclusive, the recognized loss per unit shall be the *lesser* of:

        i.  $1.40; *or*
        ii.  the difference between the purchase price per unit and the sales price per unit; *or*
        iii.  the difference between $31.00 per unit and the sales price per unit.

    c.  sold between November 12, 2007 and January 7, 2008, inclusive, the recognized loss per unit shall be the *lesser* of:

6

      i.  $3.14; or

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

   iii.  the difference between $31.00 per unit and the sales price per unit.

d.  sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the *lesser* of:

      i.  $4.09; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

   iii.  the difference between $31.00 per unit and the sales price per unit.

e.  sold on or held after January 25, 2008, the recognized loss per unit is the *lesser* of:

      i.  $4.76; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

   iii.  the difference between $31.00 per unit and the sales price per unit.

(iii)    For each common unit of Blackstone purchased between June 26, 2007 and July 18, 2007, inclusive, and

a.  sold between July 19, 2007 and November 11, 2007, inclusive, the recognized loss per unit shall be the *lesser* of:

      i.  $1.15; *or*

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

   iii.  the difference between $31.00 per unit and the sales price per unit.

b.  sold between November 12, 2007 and January 7, 2008, inclusive, the recognized loss per unit shall be the *lesser* of:

      i.  $2.89; or

     ii.  the difference between the purchase price per unit and the sales price per unit; *or*

   iii.  the difference between $31.00 per unit and the sales price per unit.

c.  sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the *lesser* of:

     i. $3.84; *or*
     ii. the difference between the purchase price per unit and the sales price per unit; *or*
     iii. the difference between $31.00 per unit and the sales price per unit.

d. sold on or held after January 25, 2008,  recognized loss per unit is the *lesser* of:

     i. $4.51; *or*
     ii. the difference between the purchase price per unit and the sales price per unit; *or*
     iii. the difference between $31.00 per unit and the sales price per unit.

(iv)  For each common unit of Blackstone purchased between July 19, 2007 and November 11, 2007, inclusive, and

a. sold between November 12, 2007 and January 7, 2008, inclusive, the recognized loss per unit shall be the *lesser* of:

     i. $1.74; *or*
     ii. the difference between the purchase price per unit and the sales price per unit

b. sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the *lesser* of

     i. $2.69; *or*
     ii. the difference between the purchase price per unit and the sales price per unit.

c. sold on or held after January 25, 2008, the recognized loss per unit is the *lesser* of:

     i. $3.36; *or*
     ii. the difference between the purchase price per unit and the sales price per unit.

(v)  For each common unit of Blackstone purchased between November 12, 2007 and January 7, 2008, inclusive, and

a. sold between January 8, 2008 and January 24, 2008, inclusive, the recognized loss per unit is the *lesser* of:

8

          i.  $0.95; *or*

          ii.  the difference between the purchase price per unit and the sales price per unit.

     b.  sold on or held after January 25, 2008,  the recognized loss per unit is the *lesser* of:

          i.  $1.62; *or*

          ii.  the difference between the purchase price per unit and the sales price per unit.

(vi)    For each common unit of Blackstone purchased between January 8, 2008 and January 24, 2008, inclusive, and sold on or held after January 25, 2008, the recognized loss per unit is the *lesser* of:

          i.  $0.67; *or*

          ii.  the difference between the purchase price per unit and the sales price per unit.

(vii)   For each common unit of Blackstone purchased between January 25, 2008 and March 12, 2008, inclusive, and sold on or held after January 26, 2008, the recognized loss per unit is zero.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price paid per unit and the price received per unit, shall be exclusive of all commissions, taxes, fees, and charges.

For Class Members who made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of units during the Class Period will be matched, in chronological order, first against units held at the beginning of the Class Period. The remaining sales of units during the Class Period will then be matched, in chronological order, against units purchased during the Class Period.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

---

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

---

### RIGHT TO REMAIN IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice.  If you do not request to be excluded from the

Class, you will be bound by any judgment entered with respect to the Settlement in the litigation against Defendants whether or not you file a Proof of Claim and Release form.

If you are a Class Member, you do not need to do anything (other than timely file a Proof of Claim and Release, if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE THAT ACCOMPANIES THIS NOTICE. The Proof of Claim and Release must be **postmarked on or before December 10, 2013**, and be delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payment(s) from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and Final Judgment.

### RIGHT TO APPEAR AND BE REPRESENTED BY YOUR OWN COUNSEL

The Court has appointed Lead Counsel, which are firms that have experience in the litigation of complex securities class actions, as counsel for the Class. If you remain in the Class, you will be represented by those firms, Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation. You will not be separately charged for the services of these lawyers in connection with their representation of the Class. The Court will determine the amount of any fees and expenses that may be awarded, out of the Settlement, to the lawyers appointed to represent the Class.

If you wish to be represented by your own lawyer, you may, at your own expense, hire an attorney to personally represent you with respect to whatever individual claim you may have. In the event that you wish to hire your own counsel to represent you with respect to any individual claims you may have, any such attorney(s) must be admitted to practice before the United States District Court for the Southern District of New York and file a formal Notice of Appearance on your behalf on the Court's electronic filing system in this Action: *Landmen Partners Inc. v. The Blackstone Group, L.P. et al.*, Civil Action No. 08-03601-HB-FM.

You may appear personally to represent yourself without counsel and you do not need to be admitted to practice before the United States District Court for the Southern District of New York. This is called appearing "pro se." To appear on your own behalf without counsel, you must file a Notice of Appearance with the Clerk of the Court for the United States District Court for the Southern District of New York and deliver copies of such Notice of Appearance upon counsel for Lead Plaintiffs and Defendants, **no later than November 10, 2013**.

Counsel for Lead Plaintiffs and Defendants are:

| | |
|---|---|
| Joseph Russello | Bruce D. Angiolillo |
| ROBBINS GELLER RUDMAN & DOWD LLP | SIMPSON THACHER & BARTLETT LLP |
| 58 South Service Road, Suite 200 | 425 Lexington Avenue |
| Melville, New York  11747 | New York, New York  10017 |

*Co-Lead Counsel for Lead Plaintiffs*          *Counsel for Defendants*

If you wish to appear pro se, you are urged to contact the Pro Se Office for the United States District Court for the Southern District of New York to learn the procedures for doing so. The Pro Se Office is located at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10017.

## RIGHT TO REQUEST EXCLUSION FROM THE CLASS

You have the right to request to be excluded from the Class.

If you timely and properly request exclusion from the Class, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

If you timely and properly request exclusion from the Class, you will retain any rights you have to sue Defendants yourself with respect to the claims asserted in the Action to the extent those claims are viable under the statute of limitations applicable to claims under the Securities Act of 1933. You should note that, pursuant to a recent decision of the United States Court of Appeals for the Second Circuit, entitled *Police & Fire Ret. Sys. v. Indymac MBS, Inc.*, Docket Nos. 11-2998-cv(L), 11-3036-cv(CON) (2d Cir. 2013) (a copy of this decision may be reviewed at www.BlackstoneIPOCase.com), if you exclude yourself from the Class you may forfeit any claims you may have against Defendants related to Blackstone's IPO or your purchases of Blackstone common units between June 21, 2007 and March 12, 2008 under the Securities Act of 1933, because the 3-year statute of repose of the Securities Act of 1933 (which is 3 years from the date the common units were *bona fide* offered to the public) has otherwise expired. It is therefore possible that only members of the Class whose claims are tolled by virtue of their continuing membership in the Class are able to pursue those claims against Defendants under the law currently applicable to this Action. Before you decide to request exclusion from the Class, you are urged to consult your own counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Class.

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from this Action, *Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, Civil Action No. 08-03601-HB-FM. Your exclusion request letter must state your name, current address, your day-time and night-time telephone numbers, and include your signature; clearly state that you wish to be excluded from the Class in this Action; and set forth the number of Blackstone common units you purchased and/or sold between June 21, 2007 and March 12, 2008, inclusive, the dates of each of those purchases and/or sales and the prices paid and/or received for each of those purchases and/or sales.

Exclusion request letters must be sent by first class United States mail and postmarked **no later than November 10, 2013**, to:

*Blackstone Securities Litigation*
c/o Gilardi & Co., LLC
Notice Administration

11

P.O. Box 8040
San Rafael, CA  94912-8040

## DISMISSALS AND RELEASES

If the proposed Settlement is approved, the Court will enter a final Judgment. The Judgment will dismiss the Released Claims with prejudice as to all Defendants as provided in the Stipulation.

The Judgment will provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released Persons as provided in the Stipulation.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 33.33% of the Settlement Fund, plus litigation expenses not to exceed $2,000,000.00, plus interest thereon. In addition, Lead Plaintiffs may seek their costs and expenses (including lost wages) incurred in representing the Class in the Action, in an amount not to exceed $15,000 each. Any such fees, expenses or costs allowed by the Court will be paid exclusively from the Settlement Fund and Class Members will not personally be liable for any such fees, expenses, or cost.

Lead Counsel have committed a substantial amount of time prosecuting claims on behalf of Lead Plaintiffs and the Class. To date, Lead Counsel have not received any payment for their services in prosecuting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have Lead Counsel received any payment for their expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel believe that the amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type.

Lead Counsel may thereafter from time to time apply to the Court, without further notice to the Class, for an additional award of attorneys' fees and costs incurred in connection with administering the Settlement.

All such awards shall be subject to the approval of the Court.

## CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. Pending the Court's consideration of this Settlement, the Court has stayed all proceedings, and Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

12

If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the Settling Parties to the Stipulation will be restored to their respective positions as of August 23, 2013.

## THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Class Member who has not *validly* and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or the application for reimbursement of the Lead Plaintiffs' costs and expenses, may appear and be heard at the Settlement Hearing.

Lead Plaintiffs' papers in support of these matters will be filed with the Court **on or before October 10, 2013**, and available for inspection by Class Members at the following website, www.BlackstoneIPOCase.com, or during normal business hours at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

Any such Person who wishes to object to any aspect of the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or the application for reimbursement of the Lead Plaintiffs' costs and expenses, and/or be heard at the Settlement Hearing, *must* file written objections, along with *all* papers and briefs supporting any such objection, with the Court and all such papers must be received by counsel for the parties (listed below) **no later than November 10, 2013:**

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

ROBBINS GELLER RUDMAN
   & DOWD LLP
JOSEPH RUSSELLO
58 South Service Road, Suite 200
Melville, New York 11747

BROWER PIVEN
   A PROFESSIONAL CORPORATION
BRIAN C. KERR
475 Park Avenue South, 33rd Floor
New York, New York 10016

*Counsel for Lead Plaintiffs and the Class*

SIMPSON THACHER & BARTLETT LLP
BRUCE D. ANGIOLILLO

425 Lexington Avenue
New York, New York 10017

*Counsel for Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of Blackstone common units purchased and sold during the Class Period, and contain a statement of the reasons for objection. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Failure to fully comply with the foregoing procedures will result in a waiver of such objection and the objecting Person will be foreclosed from making any objection or being heard at the Settlement Hearing regarding the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or the application for reimbursement of the Lead Plaintiffs' costs and expenses.

## FURTHER INFORMATION

This Action has been pending for over five years. The foregoing information is only a summary to assist you in making a decision regarding how you will exercise your rights as a Class Member. To further assist you, additional information about this Action, including Lead Plaintiffs' Consolidated Amended Class Action Complaint For Violations of Federal Securities Laws, Answer of Defendants to the Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws, the District Court's order granting Defendants' motion to dismiss the Action, dated September 22, 2009, and the Second Circuit Court of Appeals decision reversing the dismissal of the Action dated February 10, 2011, are available for your review at www.BlackstoneIPOCase.com.

Additionally, should you have any questions about this Notice, the Action or your rights as a Class Member, you can obtain further information by writing to: Joseph Russello at Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, New York 11747, or Brian C. Kerr at Brower Piven, A Professional Corporation, 33rd Floor, 475 Park Avenue South, New York, NY 10016, or by emailing your inquiry to www.BlackstoneIPOCase.com.

**PLEASE DO NOT CONTACT THE COURT, JUDGE BAER OR THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. ALL INQUIRIES SHOULD BE DIRECTED TO LEAD PLAINTIFFS' COUNSEL.**

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you are a bank, broker or other entity who purchased Blackstone common units in the IPO or in the open market on the New York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, as nominee for a beneficial owner, then within five (5) calendar days after you receive this Notice, you must either: (a) provide a list of the names and addresses of such beneficial owners to the Notice Administrator; or (b) send a copy of this Notice by first class mail to all such beneficial owners (you may request additional copies of this Notice by

14

contacting the Claims Administrator): *Blackstone Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, California 94912-8040.

By Order of the Court
United States District Court
Southern District of New York

15

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
LANDMEN PARTNERS INC., Individually    :    Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, :
                                        :    CLASS ACTION
                    Plaintiff,          :
                                        :    PROOF OF CLAIM AND RELEASE
        vs.                             :
                                        :
THE BLACKSTONE GROUP L.P., et al.,      :
                                        :
                    Defendants.         :
                                        :
———————————————————— x

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the action entitled

*Landmen Partners Inc. v. The Blackstone Group L.P., et al.*, Civil Action No. 08-cv-03601-HB-FM

(the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If

you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and

Release, your claim may be rejected and you may be precluded from any recovery from the Net

Settlement Fund created in connection with the proposed Settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you

will share in the proceeds of the Settlement of the Action.

3.    **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM**

**AND RELEASE POSTMARKED ON OR BEFORE DECEMBER 10, 2013, ADDRESSED AS**

**FOLLOWS:**

*Landmen Partners Inc. v. The Blackstone Group L.P., et al.*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 8040

- 1 -

San Rafael, CA 94912-8040

If you are NOT a member of the Class (as defined in the Notice of Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

    4.    If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    CLAIMANT IDENTIFICATION

If you purchased common units of The Blackstone Group L.P. ("Blackstone") and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Blackstone common units and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Blackstone common units which forms the basis of this claim. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE BLACKSTONE COMMON UNITS UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be

- 2 -

used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at 1-888-283-8021 or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Blackstone Common Units" to supply all required details of your transaction(s) in Blackstone common units. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of Blackstone common units which took place at any time between June 21, 2007 and the date on which you sign this form, inclusive (the "Relevant Period"), and *all* of your sales of Blackstone common units which took place at any time during the Relevant Period, whether such

- 3 -

transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Blackstone common units you held on the date on which you sign this form. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Relevant Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Blackstone common units.  The date of a "short sale" is deemed to be the date of sale of Blackstone common units.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Blackstone common units should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Landmen Partners Inc. v. The Blackstone Group L.P., et al.*

Civil Action No. 08-cv-03601-HB-FM

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

December 10, 2013

<u>Please Type or Print</u>

PART I:     CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____

City                                    State or Province

_____

Zip Code or Postal Code                 Country

_____

                                              Individual
Social Security Number or                     Corporation/Other
Taxpayer Identification Number

_____

Area Code        Telephone Number (work)

_____

Area Code        Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:      SCHEDULE OF TRANSACTIONS IN BLACKSTONE COMMON UNITS

A.      Purchases of Blackstone common units made during the time period June 21, 2007
through and including the date on which you sign this form:

| Trade Date Mo. Day Year | Number of Common Units Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short
sale": _____

B.      Sales of Blackstone common units during the time period June 21, 2007 through and
including the date on which you sign this form.

| Trade Date Mo. Day Year | Number of Common Units Sold | Total Sales Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

C.      Number of Blackstone common units held at the close of trading on the date that you
sign this form: _____.

If you require additional space, attach extra schedules in the same format as above. Sign and

print your name on each additional page.

**YOUR   SIGNATURE   ON   PAGE   __   WILL   CONSTITUTE   YOUR**

**ACKNOWLEDGMENT OF THE RELEASE.**

**IV.   SUBMISSION TO JURISDICTION OF COURT AND
ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in

the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern

District of New York with respect to my (our) claim as a Class Member and for purposes of

enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and

subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish

additional information to the Claims Administrator to support this claim (including transactions in

other Blackstone securities, such as options) if requested to do so.  I (We) have not submitted any

other claim covering the same purchases or sales of Blackstone common units during the Relevant

Period and know of no other person having done so on my (our) behalf.

**V.     RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

finally and forever settle, release and discharge from the Released Claims each and all of the

Released Persons as provided in the Stipulation.

2.      "Related Persons" means, with respect to the Defendants, each and all of their

respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all

of their respective present or former officers, directors, employees, employers, attorneys,

accountants, financial advisors, commercial bank lenders, insurers, investment bankers, underwriters

(including Morgan Stanley & Co. Incorporated, Citigroup Global Markets Inc., Merrill Lynch,

Pierce, Fenner & Smith Incorporated, Credit Suisse Securities (USA) LLC, Lehman Brothers Inc.,

Deutsche Bank Securities Inc., ABN AMRO Rothschild LLC, Banc of America Securities LLC,

Bear, Stearns & Co. Inc., Goldman, Sachs & Co., J.P. Morgan Securities Inc., Lazard Capital

Markets LLC, UBS Securities LLC, Wachovia Capital Markets, LLC, Nikko Citigroup Limited,

Skandinaviska Enskilda Banken AB (publ), and Wells Fargo Securities, LLC), representatives,

general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates,

agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or

their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related

Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or

their Related Persons has a controlling interest.

      3.      "Released Claims" means any and all claims, demands, losses, rights, causes of

action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever,

whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or

undisclosed, that have been or could have been asserted in the Action or in any court, tribunal, forum

or proceeding (including, but not limited to, any claims arising under federal, state or foreign law,

common law, statute, rule or regulation relating to alleged fraud, breach of any duty, negligence,

violations of the federal securities laws, or otherwise and including all claims within the exclusive

jurisdiction of the federal courts), whether individual or class, arising from both the purchase of

Blackstone common units during the Class Period and the acts, facts, statements or omissions that

were or could have been alleged by Lead Plaintiffs in the Action (the "Release").  This Release

extends to any and/or all Defendants and any and/or all of their Related Persons. "Released Claims"

includes "Unknown Claims" as defined in paragraph 5 below.

      4.      "Released Persons" means each and all of Defendants in their individual and

corporate capacities and each and all of their Related Persons.

      5.      "Stipulation" means the Settlement Agreement, dated August 28, 2013, made and

entered into by and among Lead Plaintiffs and Defendants.

      6.      "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class

Members do not know or suspect to exist in his, her or its favor at the time of the release of the

Released Persons which, if known by him, her or it, might have affected his, her or its settlement

with and release of the Released Persons, or might have affected his, her or its decision not to object

to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly be, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

- 9 -

7.    This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

8.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Blackstone common units which occurred during the Relevant Period as well as the number of shares of Blackstone common units held by me (us) at the close of trading on the date on which I (we) signed this form.

10.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
             (Month/Year)

in _____
  (City)      (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

- 10 -

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and declaration.

2.  Remember to attach supporting documentation, if available.

3.  Do not send original common unit certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send us your new address.

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

LANDMEN PARTNERS INC., Individually   :   Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, :
                                      :   CLASS ACTION
                Plaintiff,            :
                                      :   SUMMARY NOTICE
        vs.                           :
                                      :
THE BLACKSTONE GROUP L.P., et al.,    :
                                      :
                Defendants.           :
                                      :
———————————————————— x

**TO:   ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON UNITS OF
THE BLACKSTONE GROUP L.P. ("BLACKSTONE") IN ITS INITIAL PUBLIC
OFFERING OF SUCH COMMON UNITS IN THE UNITED STATES OR IN THE
OPEN MARKET ON THE NEW YORK STOCK EXCHANGE BETWEEN JUNE 21,
2007 AND MARCH 12, 2008, INCLUSIVE**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District
Court for the Southern District of New York, a hearing will be held on December 18, 2013, at 11:00
a.m., before the Honorable Harold Baer, Jr., at the Daniel Patrick Moynihan United States
Courthouse, Courtroom 23B, 500 Pearl Street, New York, New York 10007, for the purposes of
determining: (1) whether the proposed settlement of this securities class action ("Action") for the
sum of $85,000,000 (U.S.) in cash should be approved by the Court as fair, reasonable, and
adequate; (2) whether, thereafter, this Action should be dismissed with prejudice against Defendants,
as set forth in the Settlement Agreement, dated August 28, 2013; (3) whether the Plan of Distribution
of settlement proceeds is fair and reasonable, and therefore should be approved; (4) whether the
application by Lead Counsel for an award of attorneys' fees and expenses incurred in connection
with prosecution of the Action, together with interest thereon, should be granted; and (5) whether the
Court should approve an award to the Lead Plaintiffs for their costs and expenses (including lost
wages) incurred in representing the Class.

If you purchased Blackstone common units in its initial public offering of such common units
in the United States or in the open market on the New York Stock Exchange between June 21, 2007
and March 12, 2008, inclusive, your rights may be affected by this Action and the settlement thereof.
If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the
Proof of Claim and Release form, you may obtain copies by writing to *Blackstone Securities
Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-
8040, or by downloading this information at www.gilardi.com or www.BlackstoneIPOCase.com,
where you can obtain additional information about this Settlement and the Action. If you are a Class
Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of
Claim and Release form *postmarked no later than December 10, 2013*, establishing that you are
entitled to a recovery. You will be bound by any judgment rendered in the Action unless you request
to be excluded, in writing, to the above address, *postmarked by November 10, 2013.*

- 1 -

Any objection to any aspect of the Settlement, Plan of Distribution, request for an award of attorneys' fees and reimbursement of expesnes to Lead Counsel and/or the application for reminbourement of costs and expenses to Lead Plaintiffs, must be filed, with all supporting papers and documentation, with the Clerk of the Court *no later than November 10, 2013*, and received by the following *no later than November 10, 2013*:

> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> JOSEPH RUSSELLO
> 58 South Service Road, Suite 200
> Melville, New York  11747
>
> BROWER PIVEN
>  A PROFESSIONAL CORPORATION
> BRIAN C. KERR
> 475 Park Avenue South, 33rd Floor
> New York, New York  10016
>
> *Counsel for Lead Plaintiffs and the Class*
>
> SIMPSON THACHER & BARTLETT LLP
> BRUCE D. ANGIOLILLO
> 425 Lexington Avenue
> New York, New York  10017-3954
>
> *Counsel for Defendants*

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

**THIS IS ONLY A SUMMARY NOTICE. IF YOU BELIEVE YOU MAY BE A MEMBER OF THE CLASS, YOU ARE URGED TO OBTAIN A COPY OF THE FULL NOTICE, WHICH IS ACCESSIBLE AT WWW.GILARDI.COM OR WWW.BLACKSTONEIPOCASE.COM, OR BY CALLING 1-888-283-8021.**

DATED: _____, 2013     BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF NEW YORK