UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――― x
LANDMEN PARTNERS INC., Individually : Civil Action No. 08-cv-03601-HB-FM
and On Behalf of All Others Similarly Situated, : **(Consolidated)**
                                       :
                                       :
            Plaintiff,                 : <u>CLASS ACTION</u>
                                       :
                                       :
      vs.                              : MEMORANDUM OF LAW IN SUPPORT
                                       : OF THE MOTION OF LEAD PLAINTIFF
THE BLACKSTONE GROUP L.P., *et al.*,   : AND CLASS REPRESENTATIVE MARTIN
                                       : LITWIN IN SUPPORT OF HIS REQUEST
            Defendants.                : FOR REIMBURSEMENT OF COSTS AND
                                       : EXPENSES
―――――――――――――――――――――――――― x

Lead Plaintiff/Class Representative Martin Litwin respectfully submits this memorandum of law in support of his application, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1(a)(4) ("PSLRA"), for reimbursement of $15,000 in costs and expenses (including lost wages) associated with his involvement in this case.  As explained below, Mr. Litwin expended a significant amount of time supervising the litigation and, as a result of those efforts, plaintiffs achieved an exemplary settlement of $85 million on the eve of trial.

I.     ARGUMENT

Over the past five years, Mr. Litwin has actively overseen the prosecution of this action, dedicating significant time to this task at the expense of his professional pursuits.  In fact, his dedication and commitment to pursuing this case played a prominent role in plaintiffs' ability to achieve the settlement on the eve of trial – an exceptional result that, if approved, will provide an $85 million fund for the benefit all purchasers of Blackstone common units during the Class Period who sustained losses as a result of the alleged securities law violations associated with Blackstone's IPO.

For example, as Mr. Litwin attests in his October 10, 2013 declaration, he has regularly communicated with counsel regarding litigation strategy; requested and received updates and provided input on various court papers, materials and proceedings, including class certification; gathered materials responsive to document requests, including his trading records; extensively prepared for an all-day deposition that took place in New York; met with counsel in San Diego and, at that time and otherwise, analyzed and discussed potential Class damages and the parties' damages models; reviewed and discussed various discovery-related developments; and remained available for consultation and actively engaged in discussions with counsel regarding a potential resolution of this matter – including mediation – and, ultimately, the Settlement.  *See* Litwin Decl., ¶¶3-6.  Moreover, Mr. Litwin's compensation is commission-based.  *Id*., ¶8.

The PSLRA expressly authorizes a court to award reimbursement of reasonable costs and expenses (including lost wages) to class representatives in recognition of their contribution to the prosecution and successful resolution of a securities class action. *See* 15 U.S.C. §77z-1(a)(4) (providing that the PSLRA "shall [not] be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of the class.").[1] In fact, "[c]ourts in this Circuit routinely award such costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation and to incur such expenses in the first place." *In re Veeco Instruments Secs. Litig.*, No. 05 MDL 01695 (CM), 2007 U.S. Dist. LEXIS 85554, at *38 (S.D.N.Y. Nov. 7, 2007) (citations and internal quotation marks omitted).[2]

In *Veeco*, for example, Judge McMahon approved reimbursement to a lead plaintiff that "expended over eighty hours valued at a total of $15,964.20, and incurred $125 of out-of-pocket expenses directly relating to the representation of the [c]lass." *Id.* In granting the request, Judge McMahon acknowledged that the lead plaintiff in that case had performed similar tasks to those that Mr. Litwin performed in this case, explaining:

---

[1] *See also* H.R. Conf. Rep. No. 104-369, at 35 (Nov. 28, 1995) ("[L]ead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages, and [the committee] grants the courts discretion to award fees accordingly"); S. Rep. No. 104-98, at 10 (June 19, 1995) ("Recognizing that service as the lead plaintiff may require court appearances or other duties involving time away from work, the Committee grants courts discretion to award the lead plaintiff reimbursement for 'reasonable costs and expenses' (including lost wages) directly relating to representation of the class.").

[2] *See, e.g.*, *In re Am. Int'l Group, Inc. Sec. Litig.*, No. 04 Civ. 8141 (DAB), 2013 U.S. Dist. LEXIS 52624, at *26-*27 (S.D.N.Y. Apr. 11, 2013) (approving $7,805 in lost wages); *In re Bear Stearns Cos.*, 909 F. Supp. 2d 259, 273 (S.D.N.Y. 2012) (approving $31,053.14 in recognition of commitment of 350 hours); *In re Am. Int'l Group, Inc. Sec. Litig.*, No. 04 Civ. 8141 (DAB), 2012 U.S. Dist. LEXIS 13784, at *21 (S.D.N.Y. Feb. 2, 2012) (approving $71,910.00 in lost wages); *In re Giant Interactive Group, Inc.*, 279 F.R.D. 151, 166 (S.D.N.Y. 2011) (approving $10,000 and $5,400); *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS), 2007 U.S. Dist. LEXIS 68964, at *61-*62 (E.D.N.Y. Sept. 18, 2007) (approving $10,000 in recognition of commitment of 55 hours); *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071 (RJH), 2005 U.S. Dist. LEXIS 24890, at *30 (S.D.N.Y. Oct. 24, 2005) (approving $7,500).

> From the outset of the litigation to settlement, the [lead plaintiff] monitored the litigation and participated in prosecuting the case, including participation in discovery, subjecting itself to deposition, and reviewing significant pleadings and briefs.

*Id.* Moreover, like here, the *Veeco* settlement was "achieved after extensive motion practice and fact and expert discovery," the parties had attended mediation, and "extensive and near-complete pre-trial preparations . . . ." *Id*. at *3. Yet, the *Veeco* settlement, which secured a $5.5 million fund, occurred after "almost two years of litigation" (*id*.) – a significantly shorter period of time than the five years of litigation that preceded the $85 million settlement in *this* case.

Further, the class notice in *Veeco*, like the notice to the Class here, advised that the lead plaintiff may request reimbursement of the amount sought. *See id*. at *38-*39 ("The Notice to the Class advised Class members that Lead Counsel would seek reimbursement of $16,089 to [the lead plaintiff] for [its] reasonable costs and expenses, including lost wages, directly relating to its representation of the Class."). Here, Mr. Litwin attests that he dedicated more than 75 hours to this action in lieu of pursuing commission-based business opportunities, which arguably supports a request of even greater magnitude. *See* Litwin Decl., ¶7 (estimating that he "devoted at least 75 hours" to this litigation). Nevertheless, his request complies with the Notice, which advised that lead plaintiffs could seek approval from for reimbursement not exceeding $15,000.

Finally, as in *Veeco*, no Class member has objected to the prospect that Mr. Litwin might seek (or receive) reimbursement – a fact that further supports approval of the request. *See Veeco*, 2007 U.S. Dist. LEXIS 85554, at *39 ("Lead Counsel has received no objections to this request."); *see also Bear Stearns*, 909 F. Supp. 2d at 273 (granting request after acknowledging that "no substantive objections have been submitted regarding this request").

Accordingly, Mr. Litwin's request for $15,000 in costs and expenses associated with his involvement in this lengthy litigation is reasonable under the circumstances.

## II.     CONCLUSION

For the reasons set forth herein and in his supporting declaration, Mr. Litwin's request for reimbursement in the amount of $15,000 is reasonable and we respectfully submit that it should be granted in its entirety.

                                              Respectfully submitted,

DATED: October 10, 2013           ROBBINS GELLER RUDMAN
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     & DOWD LLP
                                                 SAMUEL H. RUDMAN
                                                 JOSEPH RUSSELLO

                                                 /s/ *Samuel H. Rudman*
                                               SAMUEL H. RUDMAN

                                             58 South Service Road, Suite 200
                                             Melville, NY 11747
                                             Telephone: 631/367-7100
                                             631/367-1173 (fax)
                                             srudman@rgrdlaw.com
                                             jrussello@rgrdlaw.com

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             MICHAEL J. DOWD
                                             ELLEN GUSIKOFF STEWART
                                             JONAH H. GOLDSTEIN
                                             ROBERT R. HENSSLER, JR.
                                             655 West Broadway, Suite 1900
                                             San Diego, CA 92101
                                             Telephone: 619/231-1058
                                             619/231-7423 (fax)
                                             miked@rgrdlaw.com
                                             elleng@rgrdlaw.com
                                             jonahg@rgrdlaw.com
                                             bobbyh@rgrdlaw.com

                                             *Lead Counsel and Attorneys for Co-Lead*
                                             *Plaintiff and Class Representative Martin*
                                             *Litwin*

**CERTIFICATE OF SERVICE**

I, Samuel H. Rudman, hereby certify that, on October 10, 2013, I caused a true and correct copy of the attached:

    NOTICE OF MOTION OF LEAD PLAINTIFF AND CLASS REPRESENTATIVE MARTIN LITWIN'S REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES;

    MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF LEAD PLAINTIFF AND CLASS REPRESENTATIVE MARTIN LITWIN IN SUPPORT OF HIS REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES; and

    DECLARATION OF LEAD PLAINTIFF AND CLASS REPRESENTATIVE MARTIN LITWIN IN SUPPORT OF HIS REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES

to be served electronically on all counsel registered for electronic service for this case.

                                                */s/ Samuel H. Rudman*
                                                  Samuel H. Rudman