UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANDMEN PARTNERS INC., Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 08-cv-03601-HB-FM |
| Plaintiff, | CLASS ACTION |
| vs. | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS NOTICE |
| THE BLACKSTONE GROUP L.P., et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

I.   HISTORY AND BACKGROUND OF THE LITIGATION ................................................ 1

II.  NOTICE TO THE CLASS SATISFIED THE REQUIREMENTS OF THE
     PSLRA, RULE 23, AND DUE PROCESS ....................................................................... 1

     A.   Relevant Standards ................................................................................................ 1

     B.   The Notice Procedure Was Appropriate ................................................................ 2

     C.   The Content of the Notice Was Appropriate ......................................................... 4

          1.   The Standard Governing the Content of Class Notice ................................. 4

          2.   The Content of the Notice Here Was Appropriate ....................................... 8

III. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cannon v. Texas Gulf Sulphur Co.*,
  55 F.R.D. 308 (S.D.N.Y. 1972) ................................................................................5

*Charron v. Pinnacle Group NY LLC*,
  874 F. Supp. 2d 179 (S.D.N.Y. 2012) ................................................................1, 5

*DeJulius v. New Eng. Health Care Emps. Pension Fund*,
  429 F.3d 935 (10th Cir. 2005) ..................................................................................3

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) ..................................................................................................2

*Girault v. Supersol*,
  No. 1:11 Civ. 6835 (PAE), 2012 U.S. Dist. LEXIS 89976
  (S.D.N.Y. June 28, 2012) .........................................................................................2

*Handschu v. Special Servs. Div.*,
  787 F.2d 828 (2d Cir. 1986) ................................................................................5, 8

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010) ................................................................................4, 7

*In re Merrill Lynch Tyco Research Sec. Litig.*,
  249 F.R.D. 124 (S.D.N.Y. 2008) ..........................................................................2, 5

*In re Michael Milken & Assoc. Sec. Litig.*,
  150 F.R.D. 57 (S.D.N.Y. 1993) ................................................................................8

*In re PaineWebber P'ships Litig.*,
  171 F.R.D. 104 (S.D.N.Y. 1997) ..............................................................................8

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
  163 F.R.D. 200 (S.D.N.Y. 1995) ..............................................................................5

*Marshall v. Holiday Magic, Inc.*,
  550 F.2d 1173 (9th Cir. 1977) ...........................................................................5, 10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ..............................................................................................2, 3

## TABLE OF AUTHORITIES

**Page**

*O'Brien v. Nat'l Prop. Analysts Partners*,
    739 F. Supp. 896 (S.D.N.Y. 1990) ........................................................................... 5, 6

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ......................................................................................................... 2

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) ....................................................................................... 5

*Rosenbaum v. MacAllister*,
    64 F.3d 1439 (10th Cir. 1995) ................................................................................... 5, 6

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) .......................................................................................... 1, 5

*Weinberger v. Kendrick*,
    698 F.2d 61 (2d Cir. 1982) ............................................................................................ 5, 8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §77z-1(a)(7) ................................................................................................................ 7, 11
    §77z-1(a)(7)(A)-(B) and (D)-(E) .................................................................................... 9
    §77z-1(a)(7)(C) ............................................................................................................... 9
    §77z-1(a)(7)(F) .............................................................................................................. 10

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................................ 4
    Rule 23(c) ........................................................................................................................ 3
    Rule 23(c)(2)(B) .......................................................................................................... 3, 4
    Rule 23(c)(3) ................................................................................................................... 4
    Rule 23(e) ........................................................................................................................ 3
    Rule 23(e)(1) ................................................................................................................... 1
    Rule 23(h) .................................................................................................................... 6, 7
    Rule 52(a) ........................................................................................................................ 6
    Rule 54(d)(2) ................................................................................................................... 6
    Rule 54(d)(2)(D) ............................................................................................................. 6

## TABLE OF AUTHORITIES

**Page**

**SECONDARY AUTHORITY**

7AA Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE
§1789.1 (3d ed. 2005) ..................................................................................................2

Pursuant to the Court's August 30, 2013 Order Preliminarily Approving Settlement and Providing for Notice to the Class ("Preliminary Approval Order") (Dkt. No. 172), Lead Plaintiffs and Class Representatives Martin Litwin and Francis Brady ("Plaintiffs") respectfully submit this memorandum of law in support of their motion for final approval of class notice.[1]

## I. HISTORY AND BACKGROUND OF THE LITIGATION

For a full discussion of the history of the Action, the Court is respectfully referred to the accompanying Declaration of David A.P. Brower in Support of Plaintiffs' Motion for Final Approval of Class Notice, Final Approval of the Proposed Settlement, Final Approval of the Proposed Plan of Distribution and Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, dated October 10, 2013 ("Brower Declaration"), and the exhibits thereto. This memorandum focuses on the legal and factual matters relevant to the appropriateness of the notice program pursued in connection with the proposed Settlement, Plan of Distribution and motion for an award of attorneys' fees and expenses.

## II. NOTICE TO THE CLASS SATISFIED THE REQUIREMENTS OF THE PSLRA, RULE 23, AND DUE PROCESS

### A. Relevant Standards

In connection with the settlement of a federal class action, FED. R. CIV. P. 23(e)(1) requires the Court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise. The adequacy of a class action settlement notice is "measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113 (2d Cir. 2005); *Charron v. Pinnacle Group NY LLC*, 874 F. Supp. 2d 179, 191 (S.D.N.Y. 2012) (quoting *Wal-Mart*, 396 F.3d at 113-14).

---

[1] The Settlement is set forth in the Settlement Agreement dated Aug. 28, 2013 ("Stipulation") (Dkt. No. 171). Unless otherwise indicated, the definitions used in the Stipulation are the same as those used herein.

As explained below, each of the requirements of FED. R. CIV. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the applicable case law and due process have been followed scrupulously in this case, both as to procedure and content.

### B.     The Notice Procedure Was Appropriate

The Supreme Court has held that notice must be the best practicable under the circumstances, including by first class mail where the names and addresses of the beneficiaries of the settlement are available through reasonable efforts. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950)). In *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), the Supreme Court explained the due process requirements for notice:

> The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel. The notice must be the best practicable, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The notice should describe the action and the plaintiffs' rights in it. Additionally, we hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusion" form to the court. Finally, the Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members.

*Id*. at 812 (citations omitted); *see also* 7AA Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE §1789.1 at 575-84 (3d ed. 2005).

"Notice need not be perfect" or received by every Class Member, *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 133 (S.D.N.Y. 2008) ("*ML Tyco*"), but need only be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," *Girault v. Supersol*, No. 1:11 Civ. 6835 (PAE), 2012 U.S. Dist.

2

LEXIS 89976, at *7 (S.D.N.Y. June 28, 2012) (quoting Rule 23(c)(2)(B)), in order to meet the requirements of FED. R. CIV. P. 23(c) and (e) and due process.[2]

The notice procedure in this Action sought to reach the greatest number of Class Members possible. Pursuant to the Preliminary Approval Order, ¶¶5-6, the Notice, along with the Court-approved Proof of Claim form, was mailed by first class US mail to a total of 216,667 potential Class Members and brokers. *See* Declaration of Carole K. Sylvester Regarding A) Mailing of the Notice of Proposed Settlement of Class Action and the Proof of Claim and Release Form, B) Publication of the Summary Notice, and C) Internet Posting, dated October 8, 2013 ("Sylvester Decl."), at ¶10 (attached as Exhibit A to the Brower Declaration). The Notice also advised brokers, banks and other nominees holding Blackstone common units for beneficial holders in "street name" to either provide the Claims Administrator (Gilardi & Co. LLC) with the names and addresses of the beneficial holders of those units to enable the Claims Administrator to mail them the Notice or to obtain sufficient copies themselves to mail to their customers and that they would be reimbursed for their reasonable costs associated with delivering copies of the Notice to their customers.

In addition, after the initial mailing of the Notice, Plaintiffs published the Summary Notice on September 17, 2013 in the national edition of INVESTOR'S BUSINESS DAILY and over *Business Wire*, a national business-oriented newswire service, on three staggered dates (September 13, 17, and 20, 2013), advising potential Class Members of the Settlement, the Plan of Distribution and the request for attorneys' fees and expenses and advised potential Class Members of how they could

---

[2] *See also DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 945-47 (10th Cir. 2005) (finding notice program similar to the one preliminarily approved by the Court in this case satisfied due process); *Mullane*, 339 U.S. at 314 (notice need only be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

obtain a copy of the full Notice, the Proof of Claim form and additional information through the Claims Administrator's website or the toll-free telephone number. *See* Sylvester Decl. at ¶13. In addition, the Notice was made available on a dedicated website set up by the Claims Administrator (www.BlackstoneIPOcase.com) on September 11, 2013. *See id*. at ¶12.

All of this was done approximately two months before the deadline for objections (November 12, 2013) and three months before the final settlement hearing when the Settlement and Plaintiffs' Counsel's fee application will be addressed. Indeed, Plaintiffs' Counsel's actual application for fees, including the Fee Motion itself and the Brower Declaration in support thereof, is being filed on October 10, 2013 – 32 days before objections are due and 69 days before the scheduled hearing on the Fee Motion. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010).

### C. The Content of the Notice Was Appropriate

#### 1. The Standard Governing the Content of Class Notice

As to content, FED. R. CIV. P. 23(c)(2)(b) requires the notice to state the following: (a) the nature of the action; (b) the definition of the class certified; (c) the class claims, issues, or defenses; (d) that a class member may enter an appearance through an attorney if the member so desires; (e) that the court will exclude from the class any member who requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on members under Rule 23(c)(3).

Settlement notices under FED. R. CIV. P. 23 do not need to delve into excessive details about the specifics of the settlement and the legal claims of the parties. The case law is generally in accord that settlement notices should be concise and simple, and information can be supplied by incorporation of and/or by reference to accessible settlement-related documents available through

other public sources.³ Indeed, notice is adequate if the average Class Member understands the terms of the proposed settlement and the options they have. *See Charron*, 874 F. Supp. 2d at 191-92; *Wal-Mart*, 396 F.3d at 114; *ML Tyco*, 249 F.R.D. at 133.⁴

As to fee request disclosures, courts in this Circuit have held that as with the other terms of the settlement, notice need only be "very general" and contain an "an estimation of attorneys fees and other expenses." *O'Brien*, 739 F. Supp. at 901; *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 210 (S.D.N.Y. 1995) (quoting *O'Brien* with approval). Indeed, "notice of a settlement often does not contain detailed information about the amount of fees but simply notifies class members of the fee's outside limit[.]" *Powers v. Eichen*, 229 F.3d 1249, 1255 (9th Cir. 2000); *see also Rosenbaum v. MacAllister*, 64 F.3d 1439, 1442-43 (10th Cir. 1995) ("class members notified of a proposed settlement are . . . often only informed of an outside limit for attorneys' fees"). These decisions reflect the "expectation . . . that the fees will be set by the court upon consideration of the evidence, including the objections of nonintervening class members." *Rosenbaum*, 64 F.3d at 1442-43.⁵

---

³ *O'Brien v. Nat'l Prop. Analysts Partners*, 739 F. Supp. 896, 901 (S.D.N.Y. 1990) (class notice need only provide "sufficient guidance as to the major terms and areas of agreement to allow class members to make further inquiry, either by examining the full settlement agreement or by appearing at the settlement hearing"); *see also Cannon v. Texas Gulf Sulphur Co.*, 55 F.R.D. 308, 313 n.2 (S.D.N.Y. 1972) (notice was sufficient where it explained what a class member would receive depending on the factors enumerated therein); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) ("The aggregate amount available to all claimants was specified and the formula for determining one's recovery was given. Nothing more specific is needed.").

⁴ *See also Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986) (class notice is expected only to provide sufficient information to "alert class members" to the pendency of the settlement and to "their options in connection" with that pending settlement); *Weinberger v. Kendrick*, 698 F.2d 61, 70-71 (2d Cir. 1982) (noting that a class notice should alert class members to "the relevant terms of the proposed settlement," "their options in connection with that case," and offer them enough information "to probe more deeply" if desired).

⁵ This is consistent with precedent in the Second Circuit. *See O'Brien*, 739 F. Supp. at 901. There can be no question that the Notice here fulfilled that goal.

Moreover, FED R. CIV. P. 23(h) provides that:

In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) A class member, or a party from whom payment is sought, may object to the motion.

(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

FED R. CIV. P. 54(d)(2) provides that:

(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

   (i) be filed no later than 14 days after the entry of judgment;

   (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

   (iii) state the amount sought or provide a fair estimate of it; and

   (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

In accord with FED. R. CIV. P. 23(h)'s requirements, a fee motion must be filed a reasonable time in advance of the time for class members to object to it or request exclusion from the class. *See Mercury Interactive*, 618 F. 3d at 995 (construing the timing requirement of FED. R. CIV. P. 23(h)).

Further, in its effort to provide more transparency to the fee-awarding process in securities class actions, Congress included in the PSLRA specific requirements for notice to class members in such cases regarding fee applications by successful plaintiffs' counsel. 15 U.S.C. §77z-1(a)(7) requires that the notice of a settlement in a securities fraud action contain the following:

(A) Statement of plaintiff recovery. The amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis.

(B) Statement of potential outcome of case.

  (i) Agreement on amount of damages. If the settling parties agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this title [15 U.S.C. §§77a *et seq*.], a statement concerning the average amount of such potential damages per share.

  (ii) Disagreement on amount of damages. If the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this title [15 U.S.C. §§77a *et seq*.], a statement from each settling party concerning the issue or issues on which the parties disagree.

  (iii) Inadmissibility for certain purposes. A statement made in accordance with clause (i) or (ii) concerning the amount of damages shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement.

(C) Statement of attorneys' fees or costs sought. If any of the settling parties or their counsel intend to apply to the court for an award of attorneys' fees or costs from any fund established as part of the settlement, a statement indicating which parties or counsel intend to make such an application, the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought. Such information shall be clearly summarized on the cover page of any notice to a party of any proposed or final settlement agreement.

(D) Identification of lawyers' representatives. The name, telephone number, and address of one or more representatives of counsel for the plaintiff class who

    will be reasonably available to answer questions from class members concerning any matter contained in any notice of settlement published or otherwise disseminated to the class.

(E) Reasons for settlement. A brief statement explaining the reasons why the parties are proposing the settlement.

(F) Other information. Such other information as may be required by the court.

### 2. The Content of the Notice Here Was Appropriate

The Notice was also clearly sufficient with respect to its content.[6] Here, the Notice: (1) detailed the Settlement and the releases that would be exchanged; (2) summarized the history of the litigation; (3) described the parties and the Class; (4) discussed the settlement negotiations; (5) detailed the Plan of Distribution; (6) detailed the maximum amounts that Plaintiffs' Counsel would seek in attorneys' fees (33.33%) and expenses for prosecuting the Action ($2,000,000.00); (7) described Class Members' right to request exclusion from the Class or appear through personal counsel of their choosing and/or to object to the Settlement, Plan of Distribution and/or request for attorneys' fees and expenses; (8) specified the deadlines for asserting these rights and procedures for doing so; (9) provided addresses, a toll-free telephone number and a website where Class Members could obtain additional information; and (10) informed Class Members when Plaintiffs and Plaintiffs' Counsel's papers in support of the proposed Settlement, Plan of Distribution and request for attorneys' fees and expenses will be filed with the Court and available for their inspection.

---

[6] Courts have repeatedly sustained notices in cases where the notice included only very general information. *See, e.g.*, *In re PaineWebber P'ships Litig.*, 171 F.R.D. 104, 124 (S.D.N.Y. 1997) ("The notice need not be highly specific, and indeed 'numerous decisions, no doubt recognizing that notices to class members can practicably contain only a limited amount of information, have approved very general description[s] of the proposed settlement.'") (quoting *Weinberger*, 698 F.2d at 70) (internal quotation omitted); *see also In re Michael Milken & Assoc. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (relying on *Handschu*, 787 F.2d at 833).

The Notice also complies with the settlement notice disclosure requirements of the PSLRA regarding the "statement of plaintiffs' recovery," which states that Class Members' average distribution per unit will be approximately $0.36 before deduction of Court-approved fees and expenses; it identifies the attorneys and provides their addresses, it provides information on how to contact Plaintiffs' Counsel's representatives to obtain additional information, and it contains a brief description of the reasons why the parties are proposing the Settlement. *See* §77z-1(a)(7)(A)-(B) and (D)-(E).

The Notice also complies with the attorneys' fee disclosure requirements of §77z-1(a)(7)(C) by: (a) identifying which counsel intend to make an application for attorneys' fees and costs from the fund established by the settlement for the class; (b) stating the maximum amount of fees and costs that will be sought both as a percentage of the whole and on an average per share basis; and (c) providing a brief explanation supporting the attorneys' fees and costs sought. That information is both clearly summarized in the summary section at the beginning of the Notice and set forth in more detail on pages 6-7 of the Notice ("Application for Attorneys' Fees and Expenses").

Regarding the requested award of attorneys' fees and expenses, the Notice recites the factors, as required by the plain language of the PSLRA, "supporting the fees and costs sought":

> At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 33.33% of the Settlement Fund, plus litigation expenses not to exceed $2,000,000, plus interest thereon. In addition, Lead Plaintiffs may seek their costs and expenses (including lost wages) incurred in representing the Class in the Action, in an amount not to exceed $15,000 each. Any such fees, expenses or costs allowed by the Court will be paid exclusively from the Settlement Fund and Class Members will not personally be liable for any such fees, expenses, or costs.
>
> Lead Counsel have committed a substantial amount of time prosecuting claims on behalf of Lead Plaintiffs and the Class. To date, Lead Counsel have not received any payment for their services in prosecuting this Action on behalf of Lead Plaintiffs and the members of the Class, nor have Lead Counsel received any payment for their

>expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel believe that the amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type.
>
>Lead Counsel may thereafter from time to time apply to the Court, without further notice to the Class, for an additional award of attorneys' fees and costs incurred in connection with administering the Settlement.
>
>All such awards shall be subject to the approval of the Court.

Sylvester Decl. at Ex. A at 6-7.

Furthermore, consistent with this Court's approval of the form and content of the Notice, the Notice contains all other information that the Court required in its Preliminary Approval Order in compliance with §77z-1(a)(7)(F).

Finally, the Notice sets forth the full Plan of Distribution to enable Class Members to preliminarily calculate the value of their claims (subject to the caveat in the Notice that claims will be reduced pro rata by the amount that all claims in the aggregate exceed the amount of the Net Settlement Fund). *See Marshall*, 550 F.2d at 1178 (overruling objection to class notice that did not provide description of individual class member's recoveries where the notice contained the plan of distribution of the settlement proceeds).

Accordingly, the Notice to the Class met all requirements of FED. R. CIV. P. 23 (c) and (e), 15 U.S.C. §77z-1(a)(7) of the PSLRA, and due process.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval to the forms and methods for providing notice to the Class.

DATED: October 10, 2013                BROWER PIVEN
                                                                    A PROFESSIONAL CORPORATION
                                                                    DAVID A.P. BROWER
                                                                    BRIAN C. KERR

                                                                    */s/ David A.P. Brower*
                                                                  DAVID A.P. BROWER

                                               475 Park Avenue South, 33rd Floor
                                             New York, NY 10016
                                             Telephone: 212/501-9000
                                             212/501-0300 (fax)
                                             brower@browerpiven.com
                                             kerr@browerpiven.com

                                             BROWER PIVEN
                                                 A PROFESSIONAL CORPORATION
                                             CHARLES J. PIVEN
                                             YELENA TREPETIN
                                             1925 Old Valley Road
                                             Stevenson, MD 21153
                                             Telephone: 410/332-0030
                                             410/685-1300 (fax)
                                             piven@browerpiven.com
                                             trepetin@browerpiven.com

                                             ROBBINS GELLER RUDMAN
                                                 &amp; DOWD LLP
                                             SAMUEL H. RUDMAN
                                             JOSEPH RUSSELLO
                                             58 South Service Road, Suite 200
                                             Melville, NY 11747
                                             Telephone: 631/367-7100
                                             631/367-1173 (fax)
                                             srudman@rgrdlaw.com
                                             jrussello@rgrdlaw.com

                                        ROBBINS GELLER RUDMAN
                                             &amp; DOWD LLP
                                        MICHAEL J. DOWD
                                        ELLEN GUSIKOFF STEWART
                                        JONAH H. GOLDSTEIN
                                        ROBERT R. HENSSLER, JR.
                                        655 West Broadway, Suite 1900
                                        San Diego, CA 92101
                                        Telephone: 619/231-1058
                                        619/231-7423 (fax)
                                        miked@rgrdlaw.com
                                        elleng@rgrdlaw.com
                                        jonahg@rgrdlaw.com
                                        bobbyh@rgrdlaw.com

                                        *Lead Counsel and Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2013, I served true and correct copies of the foregoing Memorandum of Law In Support of Plaintiffs' Motion for Final Approval of Class Notice on Defendants' counsel by causing copies to be sent by the ECF system and by electronic mail on the following:

Bruce D. Angiolillo, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
bangiolillo@stblaw.com


          */s/ David A.P. Brower*
          David A.P. Brower